Dear Mr. King:
You have requested a clarification of Attorney General Opinion Number 92-631 concerning the following issue:
 "If a local governing body passes an ordinance prohibiting the sale of alcoholic beverages on Sunday, is that ordinance effective and operational if the voters of the political subdivision have not voted on the issue as required by LSA-R.S. 51:191?"
This author concluded in the last paragraph of that opinion that ". . . any ordinance prohibiting the sale of alcoholic beverages on Sunday must receive the prior approval of the electorate pursuant to the provisions of LSA-R.S. 51:191 in order to be effective." We have reconsidered this conclusion and now find it is conflict with current law and a previous opinion issued from this office.
Act 1 of the 1986 Regular Legislative Session amended and reenacted Louisiana's Sunday Closing Law provisions, LSA-R.S.51:191 through 195. LSA-R.S. 51:191 presently authorizes local governing authorities to adopt ordinances prohibiting the opening of certain businesses and the sale of certain merchandise on Sunday, after the electorate approves the substance of the ordinance at an election. LSA-R.S. 51:191
states:
 "Except as provided in R.S. 51:193, the governing authority of any parish or municipality may adopt ordinances regulating or prohibiting the opening of certain businesses and/or the sale of certain stock or articles of merchandise on Sunday, if approved by the voters at an election called as provided in Chapter 6-B of Title 18 of the Louisiana Revised Statutes of 1950."
In Attorney General Opinion Number 86-633, the author concluded that a local political subdivision's governing authority has the power to prohibit, by ordinance, the opening of bars and lounges and the sale of alcoholic beverages on Sunday pursuant to LSA-R.S. 51:191, which requires advance approval by the electorate. In the alternative, the author recognized an additional grant of legislative power to a local governing authority contained in LSA-R.S. 26:493, which states, in part:
 "Except as limited by the provisions of this Chapter the various subdivisions of the state may regulate but not prohibit, except by referendum vote as provided by Chapter 3 of this Title or by legally authorized zoning laws of municipalities, the business of wholesaling, retailing, and dealing in alcoholic beverages. No parish or municipality shall, in the exercise of its police power, regulate the business of selling such beverages more than is necessary for the protection of the public health, morals, safety, and peace. . . ." (Emphasis added).
In the case of City of Shreveport v. Belk, 258 So.2d 79 (La. 1972), the Louisiana Supreme Court held that a local ordinance which prohibited the Sunday sale of alcoholic beverages was a reasonable regulation of the sale of alcoholic beverages despite defendant's argument that the ordinance was a prohibition rather than a regulation, not within the ambit of coverage of LSA-R.S.26:494 (now redesignated as LSA-R.S. 26:493.) Addressing this argument, the Court stated:
 "The line between prohibition and regulation is sometimes a fine one. Most regulation of activity involves the prohibition of certain types of activity. . . . The Shreveport City Ordinance herein assailed is a reasonable regulation, rather than a prohibition within the meaning of R.S. 26:494, of the sale of alcoholic beverages." Belk, 258 So.2d at 80, 81.
Attorney General Opinion Number 92-631 is in error insofar as it fails to recognize this additional avenue under LSA-R.S. 26:493
available to a local governing authority. In the case of conflict between the provisions of LSA-R.S. 51:191 and 26:493, the later legislation is controlling, LSA-R.S. 26:493 having been amended and reenacted by Act 696 § 1 of the 1987 Regular Legislative Session, subsequent to the amendment and reenactment of LSA-R.S. 51:191 under Act 1 § 1 of the 1986 Regular Legislative Session.
We adhere to the conclusion of this office in Attorney General Opinion Number 86-633, in which the author determined that an ordinance prohibiting the sale of alcoholic beverages on Sunday may be passed pursuant to LSA-R.S. 51:191, requiring advance voter approval, or alternatively, pursuant to LSA-R.S. 26:493, which does not require any prior approval by the voters. Attorney General Opinion Number 92-631 is in error insofar as it fails to recognize the alternative legislative grant of authority contained in LSA-R.S. 26:493, and is clarified to conform with the conclusion herein. Finally, we enclose a copy of Attorney General Opinion Number 86-633 for your further reference.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK 0183E