643 So.2d 201 (1994)
CITY OF ZWOLLE, Plaintiff-Appellee,
v.
Eddie POLK, et al., Defendants-Appellants.
No. K93-1102.
Court of Appeal of Louisiana, Third Circuit.
September 14, 1994.
Ronald D. Brandon, Many, for City of Zwolle.
Thomas Taylor Townsend, Natchitoches, for Eddie Polk, et al.
Before COOKS, SAUNDERS and DECUIR, JJ.
PER CURIAM.
This writ application is filed by six defendants, Eddie Polk, Jerry G. Remedies, Carolyn Malmay Leone, Rachael Gatti, Carl A. Whitlow and Sue E. Ebarb, charged with *202 violating the Code of Ordinances of the City of Zwolle prohibiting the selling of alcoholic beverages on Sundays. The defendants were tried and convicted in the Mayor's court for the City of Zwolle and applied for a trial de novo in the Eleventh Judicial District Court, Sabine Parish, Louisiana.
The defendants were arraigned and charged with violating the Zwolle Code of Ordinances, Chapter 4, Section 4-10. The ordinance reads as follows:
Sec. 4-10. Operating hours.
(a) It shall be unlawful for any person to sell or otherwise dispose of any alcoholic beverages within the town between the hours of 12:00 noon and 7:00 a.m.
(b) It shall be unlawful to sell, serve or dispense any alcoholic beverage in the town between the hours of 12:00 midnight, Saturday and 7:00 a.m. Monday. (Ord. No. 1-1976. Art. 1, §§ 10-1, 11-1, 8-5-76).
The Bills of Information in this matter specifically charge the defendants with unlawfully selling alcoholic beverages on Sunday. The defendants filed motions to quash the Bills of Information on the basis that the Zwolle Code of Ordinances, Chapter 4, Section 4-10 was unconstitutional and/or invalid. The record reflects that the ordinance in question was never approved by the voters in an election. All of the cases were consolidated for purposes of hearing the motions to quash. Defendants' motions to quash were denied and they have applied for writs of certiorari or review.
The Zwolle ordinance, Chapter 4, Section 4-10 was passed by the local governing body but was not approved by the voters in an election. The issue is whether or not an ordinance passed by a local governing body prohibiting the sale of alcoholic beverages on Sunday is valid, effective and operational if the voters of the political subdivision have not voted on the issue as required by La.R.S. 51:191.
In 1986 the Legislature completely revamped the Sunday closing laws and repealed the old "Blue Laws". In their place, the Legislature enacted a form of local option. La.R.S. 51:191 provides:
Except as provided in R.S. 51:193, the governing authority of any parish or municipality may adopt ordinances regulating or prohibiting the opening of certain businesses and/or sale of certain stock or articles of merchandise on Sunday, if approved by the voters at an election called as provided in Chapter 6-B of Title 18 of the Louisiana Revised Statutes of 1950.
La.R.S. 51:193 mandates that all car dealers must be closed on Sunday. Accordingly, a local government may prohibit Sunday sales only if the ordinance is approved by the voters in an election.
The question has arisen as to whether a local government, pursuant to the provisions of La.R.S. 26:493, may prohibit Sunday sales of beverage alcohol without holding an election. Under La.R.S. 26:493 a subdivision of the state may enact an ordinance regulating, but not prohibiting, the sale of alcoholic beverages where its enactment is a reasonable exercise of its police power. This section permits regulation of the sale of beverage alcohol under certain constraints when necessary for public health, morals, safety and peace. To the extent that La.R.S. 26:493 can be read to authorize Sunday closing ordinances without an election, it conflicts with La.R.S. 51:191. La.R.S. 51:191 prohibits a local government from enacting a Sunday closing ordinance without holding an election to approve it.
It is well settled that when two statutes apply to the same situation, the specific statute prevails over the general one. Lyman v. Town of Sunset, 500 So.2d 390 (La. 1987); Yamaha Motor Corp., U.S.A. v. Bonfanti Industries, Inc., 589 So.2d 575 (La.App. 1st Cir.1991). The jurisprudence provides that we should look to the statute more specifically directed to the matter at issue. Smith v. Cajun Insulation, Inc., 392 So.2d 398 (La.1980); State ex rel. Bickman v. Dees, 367 So.2d 283 (La.1978). In the situation at hand, the Sunday closing law deals more specifically with the matter at hand than does the general police power provisions of La.R.S. 26:493. La.R.S. 26:493 deals with regulation of alcohol generally while La.R.S. 51:191 deals specifically with the narrow issue of Sunday sales. Accordingly, the provisions *203 of La.R.S. 51:191 should govern here. A Sunday closing ordinance may be enacted only if an election is held.
A question also arises as to whether the re-enactment of Title 26 in 1987 may have resulted in an implied repeal of La.R.S. 51:191 insofar as Sunday sales of beverage alcohol is concerned. The Supreme Court has said that the paramount consideration for statutory interpretation is ascertainment of the legislative intent and the reasons which prompted the legislature to enact the law. Touchard v. Williams, 617 So.2d 885 (La. 1993). In 1987 the legislature re-enacted Title 26, including the section on local government police powers. Prior to re-enactment, the prior section (numbered Section 494), was almost identical to La.R.S. 26:493. The re-enactment changed only one word of the old section, and that change was purely technical. The rule of construction applicable to acts which revise and consolidate other acts is that when the revised and consolidated act re-enacts in the same or substantially the same terms the provisions of the act or acts so revised and consolidated, the revision and consolidation shall be taken to be a continuation of the former act or acts. State v. Mathe, 219 La. 661, 53 So.2d 802 (1951). Since the legislature used almost the identical terms in the revised La.R.S. 26:493 as were used in the predecessor section, clearly the same meaning was intended with no effect upon La.R.S. 51:191.
The Supreme Court has recently stated that it does not favor legislative repeals by implication. The court stated that repeals by implication are not favored and will not be indulged if there is any other reasonable construction. Thomas v. Highlands Ins. Co., 617 So.2d 877 (La.1993). Applying the language from the jurisprudence cited herein to the situation at hand, we conclude that the 1987 re-enactment of Title 26 did not repeal by implication the requirement in La.R.S. 51:191 that a Sunday closing ordinance may be enacted only if approved in an election. Accordingly, we find that the City of Zwolle's Ordinance, Chapter 4, Section 4-10 is invalid.
The defendants' writs are granted and the Bills of Information filed in these matters are quashed.