Dear Mr. Smith:
We are in receipt of your correspondence requesting an opinion of this office on whether the Union Parish Police Jury may adopt, with voter consent, an ordinance amounting to a Sunday closing law pursuant to LSA-R.S. 51:191.
The statute in question provides as follows:
 Except as provided in LSA-R.S. 51:193, the governing authority of any parish or municipality may adopt ordinances regulating or prohibiting the opening of certain businesses and/or the sale of certain stock or . . . merchandise on Sunday, if approved by the voters at an election called as provided in Chapter 6-B of Title 18 of the Louisiana Revised Statute of 1950.
LSA-R.S. 51:191 was interpreted most recently by the court in the case of City of Zwolle v. Polk, 643 So.2d 201 (La.App. 3rd Cir. 1994). In that case, LSA-R.S. 51:191 was measured against LSA-R.S. 26:493, which allows local governments to regulate the sale of alcoholic beverages within their jurisdiction. Since LSA-R.S. 51:191 is a statute covering a more specific situation than does LSA-R.S. 26:493, the court held, it governs the issue of Sunday closings where alcohol is concerned, and therefore an election is necessary to produce a blue law on alcoholic beverages.
As to the question of the effect of the ordinance upon the entirety of the parish, the statute is silent. However, there is still adequate law on the subject to address the general question of what effect a parish-wide ordinance has upon a municipality located within the parish. In Attorney General Opinion 92-84, this office took the position that the laws and ordinances of a municipality take precedence within the jurisdiction of that municipality over those laws and ordinances of the parish in which the municipality is located when a conflict exists. That opinion cited LSA-R.S. 33:361, which provides that a municipality is "vested with all powers, rights, privileges, immunities, authorities, and duties heretofore possessed in accordance with all constitutional and statutory provisions with respect thereto." The statute goes on to say that "a municipality is further authorized to exercise any power and perform any function necessary, requisite or proper for the management of its affairs not denied by law." Thus, the answer to your inquiry is the law allows a parish to adopt a blue law, after the electors approve such proposition. The ordinance is effective parish-wide, and includes the municipality, but a municipality may subsequently opt out of the blue law if the electors of the municipality vote to do so pursuant to an election called under LSA-R.S. 51:191.
Should you require the further assistance of this office on this or any other question, please contact us.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
KLK:ams