Dear Ms. Mailhes:
This office is in receipt of your opinion request of recent date that makes inquiry into the types of regulations a police jury may legally impose on the sale of alcoholic beverages in light of current court decisions and Attorney General Opinions. Specifically, you raise the following questions:
 1. Is Ordinance 3248, Section 4-10 (b), recently enacted by the Calcasieu Parish Police Jury, pertaining to the sale of alcoholic beverages on Sundays, valid?
We first note that Section 4-10(b) of Ordinance 3248 provides:
 Hours. Except as hereinafter provided, the sale, dispensing, or permitting the consumption of alcoholic beverage, either of high or low alcoholic content, between the hours of 2:00 a.m. on Sunday, and 12:01 a.m. on Monday by those persons who are required to obtain state or local permits for the sale or distribution of alcoholic beverages, is prohibited. (Emphasis added).
The issue of the validity of a Sunday ordinance limiting the sale of alcohol was recently addressed in the case of Cityof Zwolle v. Polk, 643 So.2d 201 (La.App. 3rd Cir. 1994). In Zwolle, supra, the court held invalid an ordinance which prohibited the sale of alcoholic beverages on Sunday which was passed by the local governing body but not approved by the voters in an election. The court concluded that such an ordinance may only be adopted pursuant to the provisions of LSA-R.S. 51:191, which mandates prior voter approval. This statute specifically states:
 "the governing authority of any parish or municipality may adopt ordinances regulating or prohibiting the opening of certain businesses and/or the sale of certain stock or articles or merchandise on Sunday, if approved by the voters at an election" LSA-R.S. 51:191; (Emphasis added).
The ordinance in question here passed by the Calcasieu Parish Police Jury is essentially the same ordinance as the one struck down as invalid in Zwolle, supra, in that both ordinances were passed by the local governing body and prohibit the sale of alcoholic beverages on Sundays without prior voter approval.
 2. Does the decision in Zwolle, supra, prohibit a police jury from regulating the retail sale of alcohol on Sunday without first holding a local option election?
As previously mentioned, the Zwolle case found an ordinance preventing the sale, serving or dispensing on Sundays, to be invalid in the absence of a local option vote. This decision was based on the finding that such an ordinance amounts to a Sunday closing law and could therefore only be valid if it was enacted pursuant to LSA-R.S. 51:191. In light of this decision, a police jury may still conceivably regulate the sale of alcohol on Sundays, provided they do not completely prohibit the sale of alcoholic beverages, as both the Calcasieu andZwolle ordinances have done. Otherwise, any attempt to regulate by prohibition will be seen as invalid under LSA-R.S.51:191, if no local option election is held.
 3. Does the opinion in Liberto v. Rapides Parish Police Jury, 95-456 (La.App. 3rd Cir. 11/02/95) limit the powers of a police jury to regulating only the on premises consumption of alcohol on Sundays?
In Liberto, supra, it was held that an ordinance that regulated the consumption of alcohol on Sunday was a valid exercise of the police power of a police jury, even in absence of a local option vote. The court found this decision to be compatible with the Zwolle case, because the ordinance in question, "only prohibits the consumption of alcohol at any `house of public entertainment' between two a.m. and six a.m. on Sundays." Liberto, supra, at page 7. The ordinance did not amount to a Sunday closing law.
The Liberto opinion should be read as limiting the authority of a police jury only to the regulation of the consumption of alcohol on Sundays. A police jury may still prohibit the sale of alcohol on Sundays, provided it does so as required by LSA-R.S. 51:191.
 4. Does Attorney General Opinion 95-413 prohibit the Calcasieu Parish ordinance from being enforced within any of the city limits in the parish, if the particular city has not held a local option election?
Attorney General Opinion 95-413 stated that an ordinance that amounts to a Sunday closing law may be applied parish-wide, if enacted by the parish governing authority, and approved by election. The opinion goes on to say that, "a municipality may subsequently opt out of the blue law (referred to in this request as a Sunday closing law) if the electors of the municipality vote to do so pursuant to an election called under LSA-R.S. 51:191." Opinion 95-413, page 2. The conclusion to be drawn from this opinion is that Calcasieu Parish Ordinance 3248, Section 4-10 (b) would apply parish-wide, including within the individual cities, if it is later approved by an election. Each individual city could subsequently choose to opt out of this particular ordinance.
However, note that our conclusion in this regard may necessarily be changed, as the issue is currently in litigation, in the proceeding styled Pappy's Investment Group of LakeCharles, Inc., D/B/A Kershenstine's vs. City of LakeCharles, No. 96-482, 14th Judicial District Court, Parish of Calcasieu, State of Louisiana rendered February 9, 1996, which decision is currently pending hearing before the appellate court.
It is the opinion of this office that the portion of Ordinance 3248, namely Section 4-10(b), which amounts to a total prohibition of the sale of alcoholic beverages on Sunday, is unenforceable, pursuant to Zwolle, supra. This portion may be severed from Ordinance 3248 as invalid. See caselaw dictating that the unconstitutionality of one portion of a statute or ordinance does not render the entire statute unenforceable. Cox Cable New Orleans Inc. v. City of NewOrleans, 624 So.2d 890 (La. 1993), Police Associationof New Orleans v. New Orleans, 649 So.2d 951 (La. 1995).
If you have any further questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _______________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received: February 7, 1996
Date Released: March 14, 1996
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL