Dear Mayor Pro Tem Arbogast:
We are in receipt of your opinion request concerning Ordinance No. 04-00 adopted by the Board of Aldermen of the Town of Tullos on October 9, 2000. The language of the ordinance pertinently provides:
 Section 7.13 Closing Hours
 A. No retail dealer, nor his servant, agent or employee, shall sell, offer sell, dispense or give away beverages of either low or high alcoholic content within the limits of the Town of Tullos on any legal holiday, and all days of the week except Sunday between the hours of 11:30 p.m. and 6:00 a.m. the following morning.
 B. Legal holidays are defined to include:
 1. Good Friday
 2. The fourth Thursday of November, Thanksgiving
 3. December 25, Christmas
 4. All election days in LaSalle Parish Louisiana, between the hours of 6:00 a.m. and 8:00 p.m.
 Be it further ordained by the Board of Aldermen of the Town of Tullos that all retail dealers, servants, agents or employees of all establishments which sell, offer to sell, dispense or give away beverages of either lower alcoholic content within the limits of the Town of Tullos shall close its operations by 12:00 midnight on all days except Sunday.
We refrain from addressing the legality of the ordinance in question, because we are of the opinion that the language of the ordinance needs to be revised in order to accomplish the goals of the Town. For instance, we are unable to ascertain whether the sale of alcohol is generally permitted during the week and Saturday, but is prohibited on Sunday. A literal reading of Paragraph A quoted above would indicate otherwise, which is an improbable result.
We can instead provide you with general jurisprudential and statutory rules governing the sale of alcoholic beverages as are pertinent to your request. The Town of Tullos may regulate the sale of alcoholic beverages heeding the limitation imposed by R.S. 26:493[1], specifically, that "no parish or municipality shall, in the exercise of its police power, regulate the business of selling such beverages more that is necessary for the protection of the public health, morals, safety, and peace."
Note further that the governing authority of the Town of Tullos may regulate the consumption of alcohol within the town on Sundays. The issue of the validity of a Sunday ordinance limiting the sale of alcohol was addressed in the case of City of Zwolle v. Polk, 643 So.2d 201
(La.App. 3rd Cir. 1994). In Zwolle, supra, the court held invalid an ordinance which prohibited the sale of alcoholic beverages on Sunday which was passed by the local governing body but not approved by the voters in an election. Thus, a local governing body may by ordinance regulate the sale of alcohol on Sundays, provided the regulation does not completely prohibit the sale of alcoholic beverages.
In Liberto v. Rapides Parish Police Jury, 667 So.2d 552 (La.App. 3rd Cir. 1995), the court held that an ordinance that regulated the consumption of alcohol on Sunday was a valid exercise of the police power of a police jury, even in the absence of a local option vote. The court found this decision to be compatible with the Zwolle case, because the ordinance in question, "only prohibits the consumption of alcohol at any "house of public entertainment between two a.m. and six a.m. on Sundays."Liberto, supra, at page 558.
The Zwolle and Liberto cases both stand for the proposition that only the electorate may absolutely prohibit the sale of alcohol on Sundays, pursuant to R.S. 51:191[2]. suggested by approval of the voters.
Finally, we enclose a copy of Attorney General Opinion 91-659, wherein the author concluded "if a person brings his own such [alcoholic] beverages to a private club and consumes those beverages he brought, that conduct is legal."
Should you have further questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received: Date Released: February 5, 2001
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
[1] R.S. 26:493 provides:
§ 493. Local regulatory ordinances
Except as limited by the provisions of this chapter the various subdivisions of the state may regulate but not prohibit, except by referendum vote as provided by Chapter 3 of this Title or by legally authorized zoning laws of municipalities, the business of wholesaling, retailing, and dealing in alcoholic beverages. No parish or municipality shall, in the exercise of its police power, regulate the business of selling such beverages more than is necessary for the protection of the public health, morals, safety, and peace. Local subdivisions, in adopting these regulatory ordinances, may provide, in addition to the ordinary penalties authorized by law for their violation, provisions which subject the permittee to having his permit suspended or revoked in the manner provided by law for the suspension or revocation of permits.
[2] R.S. 51:191 provides:
§ 191. Sunday closing law; local ordinances; election
Except as provided in R.S. 51:193, the governing authority of any parish or municipality may adopt ordinances regulating or prohibiting the opening of certain businesses and/or the sale of certain stock or articles of merchandise on Sunday, if approved by the voters at an election called as provided in Chapter 6-B of Title 18 of Louisiana Revised Statutes of 1950.
OPINION NUMBER 91-659
RELEASED FEBRUARY 10, 1992
55 — INTOXICATING LIQUORS — Local Option 55-C — INTOXICATING LIQUORS — Power to Control 
Validity of Regulation R.S. 26:581, R.S. 26:711
A local ordinance prohibiting the sale of alcoholic beverages in a ward cannot prohibit the possession of same at a private party, a private club, or in an individual's home.
Honorable Roy Hopkins State Representative Post Office Box 63 Oil City, Louisiana 71061
Dear Representative Hopkins:
You have requested an opinion from this office regarding the validity of a local ordinance which may effectively prohibit the possession and consumption of alcoholic beverages where business is conducted in a dry ward. Specifically, you inquired as to whether individuals may possess alcohol at a private country club wherein no alcoholic beverages are being sold.
The ordinance in question; Section 3-3 of the Caddo Parish ordinances provides in pertinent part, the following:
(a) It shall be unlawful for any person to sell or deal in alcoholic beverages, or for any person or any employee of any person to sell, barter, exchange, give away, serve, dispense, deliver or otherwise dispose of, or permit to be consumed, alcoholic beverages upon the premises where business is conducted . . . (Emphasis added)
Furthermore, "premises" is defined in the Caddo Parish code as follows:
"the closed or partitioned-in locality, whether room, shop or building wherein the alcoholic beverage is sold . . . (Emphasis added)
Both the ordinance and the definition of "premises" serve to limit the application of the ban to businesses, thus freeing private homes from local enforcement authority.
The initial question to be answered is, what does the ordinance prohibit? In all respects that the ordinance prohibits sale or similar distribution, the ordinance is valid. The language in the ordinance raising your question is the phrase, "or permit to be consumed,". Insofar as this phrase prohibits possession, it exceeds the scope of the parish's power. This office has previously commented on a local government's authority to prohibit mere possession of alcoholic beverages. In an opinion dated March 20, 1961, we found that:
Mere possession of alcoholic beverages by a person in a dry area is not of itself sufficient to warrant arrest and prosecution under the ordinance, even if said ordinance were broad enough in scope to prohibit possession and define possession as a crime.
Also, the opinion concluded with:
. . . if said ordinance defines possession alone as an offense it is ultra vires and thus null and void. Op. Atty. Gen. 1960-62, p. 151.
The power to regulate traffic in alcoholic beverages is a police power vested in the state that may be delegated to a local body. "Generally, a police regulation of a subdivision of the state enacted pursuant to authority delegated by the state cannot exceed the grant of authority and must fall when it conflicts with state law," "State v. Sissons,292 So.2d 523, 526 (La. 1974).
In City of Pineville v. Tarver, 91 So.2d 597 (La. 1956), an ordinance prohibiting the possession of alcohol was declared void as beyond the power of the municipality.
It is clear that insofar as the ordinance prohibits possession of alcoholic beverages it exceeds the delegated authority.
We next must consider La. R.S. 26:711, the "blind tiger" statute which states:
A "blind tiger" is any place in those subdivisions of the state in which the sale of alcoholic beverages is prohibited where such beverages are kept for sale, barter, or exchange or habitual giving away, whether in connection with a business conducted at the place or not.
This is a criminal statute.
Considering the above, the following principles may be stated:
(1) Under La. R.S. 26:581 et seq., the state has delegated to local authorities the power after an election, to ban the sale of alcoholic beverages.
(2) Ordinances prohibiting the possession of alcoholic beverages are void as beyond the scope of the delegation of power.
(3) The "blind tiger" statute prohibits, in those subdivisions of the state that have outlawed the sale of such beverages, any place where such beverages are kept for sale, barter, exchange or habitual giving away.
Therefore the question, again stated is, can the ordinance prohibit a person from "permitting alcoholic beverages to be consumed" on a premise where business is conducted.
In our opinion, the ordinance exceeds its delegated powers when it prohibits the consumption of such beverages at a private club or home. If a person brings his own such beverages to a private club and consumes those beverages he brought, that conduct is legal.
Trusting the above is helpful to your inquiry, I remain
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: __________________________ JAMES M. ROSS Assistant Attorney General
JMR/vls-0489e