Dear Mr. Young:
You advise this office that the Town of Sterlington voted to prohibit the sale of alcohol on Sunday ten years ago. The town council now proposes to enact an ordinance which allows the sale of alcohol on Sunday. You ask if such council action is permissible.
We direct your attention to the provisions of R.S. 51:191.[1] The statute provides that the governing authority of any parish or municipality may adopt an ordinance "regulating or prohibiting" the opening of certain businesses and/or the sale of certain merchandise on Sunday "if approved by the voters at an election". The current ordinance governing the Town of Sterlington mandates the prohibition of the sale of alcoholic beverages on Sunday. An amendment to an existing ordinance is a different regulation of the sale of alcohol on Sunday and the amendment would require voter approval. See Attorney General Opinion 97-370, copy attached.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Released: December 3, 2002
[1] § 191. Sunday closing law; local ordinances; election
Except as provided in R.S. 51:193, the governing authority of any parish or municipality may adopt ordinances regulating or prohibiting the opening of certain businesses and/or the sale of certain stock or articles of merchandise on Sunday, if approved by the voters at an election called as provided in Chapter 6-B of Title 18 of the Louisiana Revised Statutes of 1950
OPINION NUMBER 97-370
FEBRUARY 2, 1998
114 — Sundays 55 — Intoxicating Liquors — Local Option R.S. 26:493
R.S. 51:191
When a municipality has voted in the blue law, the police jury cannot amend the ordinance prohibiting alcohol sales on Sundays to grant sales to non-profit organizations.
Mr. William G. Emmons Chairman, City Council City of Sulphur P.O. Box 1309 Sulphur, LA 70664-1309
Dear Mr. Emmons:
This office is in receipt of your request for an opinion of the Attorney General in regard to the sale of alcohol on Sundays by the VFW and the American Legion. You indicate voters approved on Nov. 5, 1996 prohibition of sale of alcoholic beverages on Sundays, and the ordinance was adopted as follows:
Chapter 3. Alcoholic Beverages. Article I, In General
Sec. 3-2. Sale on Sundays.
 (a) Alcoholic beverages of either high or low alcoholic content may be sold at retail within the corporate limits of the city, from midnight Saturday until 1:30 a.m. Sunday morning, after which no further alcoholic beverages may be sold and the retail place of business must be closed and all occupants must have vacated the premises thirty (30) minutes thereafter, i.e. by 2:00 a.m.
 (b) No alcoholic beverages shall be given, traded, bartered, sold or delivered after 1:30 a.m. on Sunday mornings, except that beer and wine may be sold by holder of class "B" permits after 12:00 noon on Sunday and that beer and wine may also be sold for consumption with meals in restaurants, hotels and boarding houses after 12:00 noon on Sundays by holders of class "A" permits.
You ask if it would be legal for the council to amend this ordinance to permit the opening by non-profit organizations of their establishments to members on Sundays or should another election be held to provide for non-profit organizations opening on Sundays.
Pertinent to your inquiry are the provisions of R.S. 26:493 and R.S. 51:191
as adjudicated in Pappy's Inv. Group v. Lake Charles, 677 So.2d 1145
(La.App. 1996). The court placed reliance upon City of Zwolle,643 So.2d 201 (La.App 1994), cert. denied, 648 So.2d 1339, wherein the court found that R.S. 26:493 deals with regulation of alcohol generally while R.S. 51:191 deals specifically with the narrow issue of Sunday sale. It held that R.S. 51:191 should govern as dealing with the matter at hand, and concluded a Sunday closing ordinance may be enacted only if an election is held.
R.S. 51:191 provides that the governing authority of any parish or municipality may adopt ordinances "regulating or prohibiting" the opening of certain business and/or sale of certain merchandise on Sunday "if approved by the voters at an election". We take particular note that the provision is written with the disjunctive "or" taking this to require voter approval of an ordinance regulating sales on Sundays.
The present law mandates the prohibition of sale of alcoholic beverages on Sunday and closing of the retail places of business was upon approval of the voters. An amendment to an existing ordinance is a different regulation of sales of alcohol on Sunday, and, inasmuch as the governing authority may adopt an ordinance regulating opening of business and sales of certain merchandise on Sunday if "approved by the voters", the amendment would also require voter approval. Their power to amend ordinances cannot ignore this statutory provision when the ordinance is relative to Sunday sales.
We find no case law adjudicating the power of the police jury to amend an ordinance that prohibits sales of alcohol on Sundays as voted by the populace so as to grant an exception for non-profit organizations. However, in Atty. Gen. Op. No. 95-413 this office found the parish may adopt a blue law pursuant to a parish-wide approval, but a municipality may subsequently opt out of the blue law "if the electors of the municipality vote to do so".
Following this logic in the instant inquiry, we find the municipality voted in the blue law, and the municipality must vote in the change to opt out of the total prohibition.
We hope this sufficiently answers your inquiry.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR
Date Received: September 17, 1997 Date Released: