Dear Mayor Gilbreath:
You advise this office that the Village of Collinston is a Lawrason Act municipality, governed by the provisions of La.R.S.33:321, et seq. As Mayor, and on behalf of the Village's Board of Aldermen, you ask this office to advise what regulatory authority the Village has over the sale of alcoholic beverages within the Village.
Before responding to your specific questions, a discussion of the history of the sales of alcoholic beverages in the Village of Collinston (hereafter, the Village) and Morehouse Parish is appropriate.
I. Village Ordinance No. 51 (1914).
By Ordinance No. 51, adopted March 3, 1914, the Village purported to prohibit all sales of alcoholic beverages. However, the adoption of Ordinance No. 51 conflicts with statutory and jurisprudential authority directing that a municipality cannot simply by ordinance declare itself to be "dry."[1] The prohibition of the sale *Page 2 
of alcoholic beverages within a municipality must be accomplished by referendum vote. See La.R.S. 26:493.[2] An ordinance prohibiting the sale of liquor, without the predicate local option election, is of no force or effect.[3]Ordinance No. 51 is such an ordinance, prohibiting the sale of alcoholic beverages without the prior approval of the electorate. It is the opinion of this office that Ordinance No. 51 is considered invalid and of no effect.
A valid prohibition of all sales of alcoholic beverages within the Village may only be accomplished in compliance with La.R.S. 26:493. This statute requires the Village to hold a "referendum vote as provided by Chapter 3" of Title 26, entitled "Local Option" and cited as La.R.S. 26:581, et seq. Pursuant to La.R.S. 26:582, upon the petition of not less than 25% of the qualified electors residing in the Village, the Village Council must order a referendum election to be held to determine whether the sale of alcoholic beverages shall be conducted or not. La.R.S. 26:584 sets forth the form of the petition for election which must be circulated; La.R.S.26:585 requires the petition to be filed with the registrar of voters within sixty days from the date the first signature is obtained, and requires the registrar of voters to publish notice of the filing of the petition in the official journal of the municipality within 15 days of the filing of the petition; La.R.S.26:586 requires the registrar of voters to check the petition, attach his verification to it, and file it with the municipal governing authority within 30 days of his receipt of the petition; and upon completion of all requirements, La.R.S. 26:587 requires the Village Council to order the election.
The propositions to be included on the ballot as submitted to the Village electorate must be in accordance with the language of La.R.S. 26:588; otherwise, the election will be null and void. La.R.S.26:582(C) limits such an election to every two years. Note that state law prohibits the issuance of a state or local permit to sell beverages of high and low alcoholic content where the electorate has prohibited such sales pursuant to a local option election.[4] *Page 3 
II. Village Ordinance No. 10 (1934).
In 1934, it appears the Village realized that Ordinance No. 51 of 1914 (which purported to prohibit the sale of alcohol beverages in the absence of a local option election) was of no effect. Rather, by Ordinance No. 10, adopted December 17, 1934, the Village imposed licensing requirements on retail dealers of alcoholic beverages, making it unlawful for a business to sell alcoholic beverages without first obtaining a permit from the Village to engage in such business.
It is the opinion of this office that Ordinance No. 10 remains a valid regulatory act of the Village, under state law recognizing that parishes and municipalities may, by ordinance, establish a classification scheme for the issuance of local alcoholic beverage permits similar to those issued by the Commissioner of the Louisiana Office of Alcohol and Tobacco Control. See La.R.S. 26:74(A) and La.R.S. 26:274(A).[5]
III. Village Ordinance No. 118 (1973).
By Ordinance No. 118, adopted August 2, 1973, the Village established closing hours for businesses selling alcoholic beverages, making it unlawful for a business to sell alcoholic beverages "from 9:30 p.m. on Mondays through Thursdays to 6 o'clock a.m. the following morning, from 10:30 p.m. on Friday to 6 o'clock on Saturday, and from 10:30 p.m. on Saturday night to 6 o'clocka.m. Monday morning."
La.R.S. 51:191 provides that a parish or municipality may adopt an ordinance prohibiting the opening of certain businesses and/or the sale of certain stock or articles of merchandise on Sundayif approved by the voters at an election called as provided inChapter 6-B of Title 18 of the Louisiana Revised Statutes of1950. The Louisiana appellate courts have interpreted La.R.S.51:191 to mean that a Sunday closing ordinance may be enacted only if an election is held. See City of Zwolle v. Polk, 93-1102 (La. App. 3 Cir. 9/14/94) 643 So.2d 201, writ denied, 94-2553 (La. 1/13/95) 648 So.2d 1339; and Pappy's Investment Group of LakeCharles, Inc. v. City of Lake Charles, 96-411 (La. App. 3 Cir. 7/24/96) 677 So.2d 1145, 1146, writ denied, 96-2156 (La. 9/13/96) 679 So.2d 112. *Page 4 
It is the opinion of this office that the portion of Ordinance No. 118 which prohibits the sale of alcoholic beverages "from 10:30p.m. on Saturday night to 6 o'clock a.m. Monday morning," is invalid, because this portion amounts to a Sunday closing law enacted in the absence of a referendum vote. This invalid portion may be severed from Ordinance No. 118. See Louisiana jurisprudence holding that the unconstitutionality of one portion of a statute or ordinance does not render the entire statute unenforceable. CoxCable New Orleans Inc. v. City of New Orleans,624 So.2d 890 (La. 1993), Police Association of New Orleans v. NewOrleans, 94-1078 (La. 1/17/95) 649 So.2d 951.
It is our further opinion that the remainder of Ordinance No. 118, establishing closing hours for businesses selling alcoholic beverages during other days of the week, remains a valid regulatory act of the Village, as authorized by La.R.S. 26:493.
IV. Morehouse Parish Ordinance No. 1226 (1995).
As we appreciate the facts, the Village of Collinston has never held any municipal election for the purpose of prohibiting or permitting the sale of alcoholic beverages within the Village. In contrast, the electorate of Morehouse Parish, including the voters of the Village, approved a proposition prohibiting the Sunday sales of alcoholic beverages. This parish-wide election was held November 18, 1995, in compliance with La.R.S. 51:191.[6]
On December 11, 1995, in Ordinance No. 1226, the Morehouse Parish Police Jury adopted the results of the election prohibiting the Sunday sales of alcoholic beverages within the parish. This Sunday closing ordinance is applicable to the Village of Collinston, meaning that the Sunday sales of alcoholic beverages arecurrently prohibited in the Village of Collinston.
The Office of the District Attorney, Fourth Judicial District, has provided this office with a copy of the minutes of the Collinston Village Council meeting of March 12, 2002, reflecting the Council adopted a "Motion of No Opposition" to the sale of beer on Sunday from 12:30 p.m. to 5:00 p.m. However, all acts of the Village Council which purport to revive the Sunday sales of alcoholic beverages are *Page 5 
invalid. Morehouse Parish Ordinance No. 1226 is effective parish-wide, and includes the Village of Collinston, but we advise that the Village may subsequently opt out of the blue law if the electors of the Village vote to do so pursuant to an election called under La.R.S. 51:191. See La. Atty. Gen. Op. 95-413, copy attached.[7]
Please be aware that the procedures which must be followed to hold a local option election to prohibit Sunday sales (under La.R.S.51:191) differ from the procedures which must be followed to hold a local option election to determine the wet/dry status of a parish or municipality (under La.R.S. 26:493). Local option elections called pursuant to La.R.S. 51:191 must be in compliance with La.R.S.18:1299, et seq. Local option elections called pursuant to La.R.S. 26:493 must be in compliance with La.R.S. 26:581, etseq., and contain petition requirements not applicable to Sunday closing elections under La.R.S. 51:191.
In summary, we advise: In the Village of Collinston, the Sunday sales of alcoholic beverages are currently prohibited, although the electorate of the Village may "opt out" of the parish prohibition against Sunday sales at a local option election called for that purpose. All acts of the Village Council which purport to revive the Sunday sales of alcoholic beverages in the absence of a local option election are invalid. Other than Sunday sales, the sale of alcoholic beverages by businesses holding local and state alcoholic beverage permits is currently allowed in the Village of Collinston. A prohibition against all sales of alcoholic beverages within the Village may only be accomplished by referendum vote.
Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY: _______________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] When the electorate of a political entity votes to prohibit the sale of alcoholic beverages, that political entity is considered "dry;" similarly, when the electorate of a political entity votes to permit the sale of alcoholic beverages, the political entity is considered "wet." Sabine Parish Police Jury v. Commissioner ofAlcohol and Tobacco Control, 04-1833 (La. 4/12/05)898 So.2d 1244, at page 1245, n. 1.
[2] La.R.S. 26:493 states ". . . the various subdivisions of the state may regulate but not prohibit, except by referendum vote as provided by Chapter 3 of this Title or by legally authorized zoning laws of municipalities, the business of wholesaling, retailing, and dealing in alcoholic beverages . . ."
[3] See Sabine, supra, at page 1248, n. 10; see alsoOutpost Travel Centers v. Webster Parish Police Jury, 44,738 (La. App. 2 Cir. 8/19/09) 2009 WL 2517094; Tolar v. State,315 So.2d 22 (La. 1975); Froeba v. State, Department of Public Safety,Office of Alcoholic Beverage Control, 369 So.2d 727 (La. App. 3d Cir. 1979), writ denied, 371 So.2d 615 (La. 1979).
[4] La.R.S. 26:81(B)(1), pertaining to beverages of high alcoholic content, or liquor, states "no permit shall be issued by the commissioner or by any municipality or parish to authorize any business in any subdivision of the state where the business has been prohibited by referendum vote." La.R.S. 26:281(B) pertaining to beverages of high alcoholic content, or beer, contains similar language and provides "no permit shall be issued by the commissioner or local authorities to authorize the conduct of business in any subdivision of the state wherein that business has been prohibited by referendum vote."
[5] La.R.S. 26:74(A) provides that "parishes and municipalities may require annual permits and fees from dealers holding state permits under this Chapter . . ." La.R.S. 26:274(A) provides "parishes and municipalities may issue and require local permits similar to those issued by the commissioner and may charge and collect fees therefore . . ."
[6] La.R.S. 51:191 provides that a parish or municipality may adopt an ordinance prohibiting the opening of certain businesses and/or the sale of certain stock or articles of merchandise on Sunday if approved by the voters at an election called as providedin Chapter 6-B of Title 18 of the Louisiana Revised Statutes of1950. The Louisiana appellate courts have interpreted La.R.S.51:191 to mean that a Sunday closing ordinance may be enacted only if an election is held. See City of Zwolle v. Polk, 93-1102 (La. App. 3 Cir. 9/14/94) 643 So.2d 201, writ denied, 94-2553 (La. 1/13/95) 648 So.2d 1339; and Pappy's Investment Group of LakeCharles, Inc. v. City of Lake Charles, 96-411 (La. App. 3 Cir. 7/24/96) 677 So.2d 1145, 1146, writ denied, 96-2156 (La. 9/13/96) 679 So.2d 112.
[7] Further, in Atty. Gen. Op. 97-370, this office found invalid a city ordinance permitting the sales of alcoholic beverages on Sunday to members of the VFW and American Legion non-profit organizations, although the voters had previously approved the prohibition of sales of alcoholic beverages on Sundays. This office concluded that "the municipality had voted in the blue law, and the municipality must vote in any change to opt out of the total prohibition." Opinion 97-370 was cited with approval in Bebop's Ice House, Inc. v. Cityof Sulphur, 2000-602 (La. App. 3 Cir. 12/6/00) 774 So.2d 369, 373
(holding invalid an ordinance of the City of Sulphur amending a prior Sunday closing ordinance adopted pursuant to a referendum vote.)