774 So.2d 369 (2000)
BEBOP'S ICE HOUSE, INC d/b/a Bebop's Ice House,
v.
CITY OF SULPHUR.
No. 00-602.
Court of Appeal of Louisiana, Third Circuit.
December 6, 2000.
*370 Clifford L. Newman, The Newman Law Firm, Lake Charles, LA, Counsel for Appellant/Bebop's Ice House.
Skipper M. Drost, Lake Charles, LA, Counsel for Appellee/City of Sulphur.
Court composed of DOUCET, Chief Judge, YELVERTON, and SAUNDERS, Judges.
DOUCET, Chief Judge.
Plaintiff, Bebop's Ice House, Inc., d/b/a/ Bebop's Ice House, appeals a judgment of the district court finding Sulphur City Ordinance No. 278 still in force and effect, after finding Sulphur City Ordinance No. 327, an attempt to amend Ordinance No. 278, was not properly promulgated and could not be enforced. We affirm the judgment of the district court.

FACTS
Following an election held on November 5, 1996, in which the electorate of the City of Sulphur approved a proposition to regulate the sale of alcoholic beverages on Sundays, *371 the City Council passed Ordinance No. 278 which reads as follows:
ORDINANCE NO. 278, M-C SERIES
AN ORDINANCE REPEALING ORDINANCE NOS. 27,299,254, AND 056 CONCERNING THE SALE OF ALCOHOLIC BEVERAGES ON SUNDAYS IN THE CITY OF SULPHUR; ADOPTING CHAPTER 3, ARTICLE 1, SECTION 3-2 OF THE CODE OF ORDINANCES OF THE CITY OF SULPHUR AS APPROVED BY THE VOTERS OF THE CITY OF SULPHUR; AND PROVIDING FOR EFFECTIVE DATE OF ORDINANCE.
BE IT ORDAINED by the City Council of the City of Sulphur, Louisiana, the governing authority thereof, that Ordinance Nos. 27, 299, 254 and 056, concerning the sale of alcoholic beverages on Sundays, are hereby repealed.
BE IT FURTHER ORDAINED that Chapter 3, Article 1, Section 3-2 of the Code of Ordinances of the City of Sulphur, Louisiana, which was approved by the voters of the City of Sulphur on November 5, 1996, is hereby adopted by the City Council. The Ordinance reads as follows:
Chapter 3. Alcoholic Beverages. Article 1. In General Sec.
3-2. Sale on Sundays.
(a) Alcoholic beverages of either high or low alcoholic content may be sold at retail within the corporate limits of the city, from midnight Saturday night until 1:30 am. on Sunday morning, after which no further alcoholic beverages may be sold and the retail place of business must be closed and all occupants must have vacated the premises thirty (30) minutes thereafter, i.e., by 2:00 a.m.
(b) No alcoholic beverages shall be given, traded, bartered, sold or delivered after 1:30 a.m. on Sunday mornings, except that beer and wine may be sold by holders of class "B" permits after 12:00 noon on Sundays and that beer and wine may also be sold for consumption with meals in restaurants, hotels and boarding houses after 12:00 noon on Sundays by holders of class "A" permits.
Thereafter, on April 4, 1998, another election was held in which an attempt to change Ordinance No. 278 was placed before the voters. That proposition was rejected by the electorate. Subsequently, at a City Council meeting held on June 8, 1998, the Council adopted Ordinance No. 327 which states:

ORDINANCE No. 327 M-C SERIES

AN ORDINANCE AMENDING CHAPTER 3, ARTICLE 1, SECTION 3-2, ALCOHOL SALES ON SUNDAY
BE IT ORDAINED BY THE CITY COUNCIL OF THE CITY OF SULPHUR, LOUISIANA, in regular session convened that:
Sec. 3-2 Sale on Sunday
Between the hours of 1:30 on Sunday, and 12:00 p.m. on Sunday, those persons who are required to obtain state or local permits for the sale or distribution of alcoholic beverages shall not sell, serve, dispense or permit tile consumption of any alcoholic beverage. Any establishment, or any portion thereof, including, but not limited to, the bar or cocktail lounge portion of any hotel, motel or restaurant, from which alcoholic beverages are the principal commodity sold or handled, shall close and remain closed continuously between the hours of 2:00 a.m. Sunday and 12:00 p.m. Sunday.
Sales of alcoholic beverages by those persons who are required to obtain state or local permits for the sale or distribution of alcoholic beverages may resume to sell, serve, dispense or permit the consumption of any alcoholic beverages at 12:01 a.m. Monday. *372 Ordinance No. 327, although published in the newspaper, was never placed before the electorate for a vote of the populace.
Plaintiff received a letter from the City of Sulphur Police Department stating that it intended to enforce Ordinance 327 to the full extent of the law and thus Bebop's Ice House would have to either obtain a restaurant license or close between 1:30 a.m. Sundays and 12:01 a.m. Mondays. Plaintiff, then, brought this suit seeking a temporary restraining order and a permanent injunction against the City's enforcement of Ordinance 327.

LAW AND DISCUSSION
At trial, the district court ruled that since Ordinance 327 had never been submitted to the voters for approval or rejection, it was null, void and of no effect. The trial judge, further, ruled that since Ordinance 327 was null and void, Ordinance 278 was still in effect. On appeal, Plaintiff argues that when the City Council passed Ordinance 327, they tacitly repealed Ordinance 278 and, thus, the City of Sulphur has no Sunday closing ordinance effecting sales of alcoholic beverages.
As to the validity of Ordinance 327 we, as did the trial court find the Ordinance's adoption was invalid. We find this case very similar to the situation presented to this court in City of Zwolle v. Polk, 93-1102, pp. 2-3 (La.App. 3 Cir. 9/14/94); 643 So.2d 201, 202, writ denied, 94-2553 (La.1/13/95); 648 So.2d 1339, wherein we found a municipality could not enact a Sunday closing law without holding an election to approve the law:
The Zwolle ordinance, Chapter 4, Section 4-10 was passed by the local governing body but was not approved by the voters in an election. The issue is whether or not an ordinance passed by a local governing body prohibiting the sale of alcoholic beverages on Sunday is valid, effective and operational if the voters of the political subdivision have not voted on the issue as required by La.R.S. 51:191.
In 1986 the Legislature completely revamped the Sunday closing laws and repealed the old "Blue Laws". In their place, the Legislature enacted a form of local option. La.R.S. 51:191 provides:
Except as provided in R.S. 51:193, the governing authority of any parish or municipality may adopt ordinances regulating or prohibiting the opening of certain businesses and/or sale of certain stock or articles of merchandise on Sunday, if approved by the voters at an election called as provided in Chapter 6-B of Title 18 of the Louisiana Revised Statutes of 1950.
La.R.S. 51:193 mandates that all car dealers must be closed on Sunday. Accordingly, a local government may prohibit Sunday sales only if the ordinance is approved by the voters in an election.
The question has arisen as to whether a local government, pursuant to the provisions of La.R.S. 26:493, may prohibit Sunday sales of beverage alcohol without holding an election. Under La.R.S. 26:493 a subdivision of the state may enact an ordinance regulating, but not prohibiting, the sale of alcoholic beverages where its enactment is a reasonable exercise of its police power. This section permits regulation of the sale of beverage alcohol under certain constraints when necessary for public health, morals, safety and peace. To the extent that La.R.S. 26:493 can be read to authorize Sunday closing ordinances without an election, it conflicts with La. R.S. 51:191. La.R.S. 51:191 prohibits a local government from enacting a Sunday closing ordinance without holding an election to approve it.
We reaffirmed our holding in Pappy's Inv. Group of Lake Charles, Inc. v. City of Lake Charles, 96-411, p. 2 (La.App. 3 Cir. 7/24/96); 677 So.2d 1145, 1146; writ denied, 96-2156 (La.9/13/96); 679 So.2d 112, citing the City of Zwolle case and stating, "there is no question but that `La.R.S. 51:191 prohibits the local government from *373 enacting a Sunday closing ordinance without holding an election to approve it.'"
Furthermore, we note approvingly La. Atty. Gen. Op. No. 97-370 which states in pertinent part as follows:
This office is in receipt of your request for an opinion of the Attorney General in regard to the sale of alcohol on Sundays by the VFW and the American Legion. You indicate voters approved on Nov. 5, 1996 prohibition of sale of alcoholic beverages on Sundays....
. . . .
You ask if it would be legal for the council to amend this ordinance to permit the opening by non-profit organizations of their establishments to members on Sundays or should another election be held to provide for non-profit organizations opening on Sundays.
. . . .
We find no case law adjudicating the power of the police jury to amend an ordinance that prohibits sales of alcohol on Sundays as voted by the populace so as to grant an exception for non-profit organizations. However, in Atty. Gen. Op. No. 95-413 this office found the parish may adopt a blue law pursuant to a parish-wide approval, but a municipality may subsequently opt out of the blue law "if the electors of the municipality vote to do so".
Following this logic in the instant inquiry, we find the municipality voted in the blue law, and the municipality must vote in the change to opt out of the total prohibition.
Accordingly, we agree with the trial judge that Ordinance No. 327 was invalidly adopted and is null, void and of no effect. Since we have found Ordinance No. 327 to be of no effect, it could not have served to repeal Ordinance No. 278.
Even if Ordinance No. 327 had been validly passed, we conclude it would not have superceded Ordinance No. 278. We first note that Ordinance No. 327, in its preamble, states that it is "AN ORDINANCE AMENDING CHAPTER 3, ARTICLE 1, SECTION 3-2, ALCOHOL SALES ON SUNDAY" (emphasis added). Thus Ordinance No. 327 was not intended to repeal Ordinance No. 278, but rather to enlarge, restrict or explain it. Ergo, if Ordinance No. 327 repealed Ordinance No. 278, it did not do so explicitly, but rather, by implication.
Repeals by implication require a determination of whether there is some indication of a legislative "intention to repeal" the statutes in question. State v. Randall, 219 La. 578, 53 So.2d 689, 691 (1951). Such implied repeals are "not favored and will not be indulged if there is any other reasonable construction." State v. Standard Oil of La., 188 La. 978, 178 So. 601, 626 (1973[1937]). A repeal by implication requires "nothing short of irreconcilable conflict between two statutes." Id.

State v. Craig, 93-2515, 93-2654, 93-2589, p. 7 (La.5/23/94); 637 So.2d 437, 443. More recently, our supreme court had another occasion to address the issue of "repeals by implication" stating:
Louisiana Civil Code article 8 provides in pertinent part:
Laws are repealed, either entirely or partially, by other laws.
A repeal may be express or implied. It is express when it is literally declared by a subsequent law. It is implied when the new law contains provisions that are contrary to, or irreconcilable with, those of the former law.
Nonetheless, it is well settled in the jurisprudence that repeals by implication are not favored. Thomas v. Highlands Ins. Co., 617 So.2d 877, 878 (La. 1993); State v. Piazza, 596 So.2d 817, 819 (La.1992); In re Robin Sapia, 397 So.2d 469, 473 (La.1981); Gulf Oil Corp. v. State Mineral Bd., 317 So.2d 576, 587 (La.1974); State v. Standard Oil Co. of Louisiana, 188 La. 978, 178 So. 601, 626 (1937). As such, a repeal by implication will be found only where there is an *374 irreconcilable conflict between two statutes and where there exists no possible construction that could give both statutes effect. In re Robin Sapia, 397 So.2d at 473; Standard Oil, 178 So. at 626.
Jordan v. Louisiana Gaming Control Bd., 98-1122, 98-1133, 98-1134, p. 9 (La.5/15/98); 712 So.2d 74, 80-81.
A reading of the two ordinances makes it clear that there is no "irreconcilable conflict between two statutes" and that Ordinance No. 327 merely clarifies Ordinance 278. Consequently, even had Ordinance No. 327 been validly promulgated, it would not have expressly or tacitly repealed Ordinance No. 278.
Hence, for the reasons stated above, the judgment of the district court is affirmed. All costs of this appeal are assessed against Appellant, Bebop's Ice House, Inc., d/b/a/ Bebop's Ice House.
AFFIRMED.