Dear Mayor Chanler:
This office is in receipt of your request for an opinion of the Attorney General in regard to issues on regulations of a business selling alcohol, and a question of dual officeholding. You set forth your questions as follows:
 1. Can the Town Council allow an establishment to open on Sundays as a private club to serve alcoholic beverages when it has a permit to sell Monday-Saturday, and is open to the public Monday-Saturday?
 2. Can the Town Council allow the establishment to remain open until 2:00 a.m. Monday — Friday?
 3. Can town employees work for a contractor hired by the town to lay water lines if they do this after hours and the work is not in their normal line of work?
In Atty. Gen. Op. 97-370, which was cited with approval in Bebop's IceHouse, Inc. v. City of Sulphur, 774 So.2d 369, La.App. 2000, this office was asked for an opinion on the power of the city council to amend an ordinance to permit sales of alcoholic beverages on Sunday to members of the VFW and American Legion as non-profit organizations, although the voters had previously approved prohibition of sale of alcoholic beverages on Sundays. This office found R.S. 26:493 and R.S. 51:191 pertinent, noting that R.S. 26:493 deals with regulation of alcohol generally, while R.S. 51:191 deals specifically with Sunday sales, but it was stated that no case law was found adjudicating the power of the police jury to amend an ordinance that prohibits sales of alcohol on Sundays as voted by the populace so as to grant an exception for non-profit organizations. This office then concluded that "the municipality had voted in the blue law, and the municipality must vote in any change to opt out of the total prohibition." (Emphasis added.)
In this regard we note that Webster's New Universal Unabridged Dictionary, defines "blue law" as "U.S. puritanical laws originating in colonial New England, which forbid practices, esp. Drinking or working on Sunday, dancing, etc."
Atty. Gen. Op. 97-370, cited above, was relied upon in Atty. Gen. Op. 02-0454 wherein the town's people had voted to prohibit the sale of alcohol on Sunday, and the council proposed to enact an ordinance to allow sale of alcohol on Sundays. It was recognized that R.S. 51:191
allows the governing authority to regulate or prohibit the opening of certain businesses and/or sales of certain merchandise on Sunday "if approved by the voters at an election", and an amendment to the existing ordinance prohibiting the sale of alcoholic beverages on Sunday would require voter approval.
However, we note that the ordinance in question was enacted on August 14, 1984, and in Pappy's Investment Group of Lake Charles, Inc. v. Cityof Lake Charles, 677 So.2d 1145 (La.App. 1996) in which suit was brought to enjoin the city from enforcing prohibition of the sale of alcoholic beverages on Sundays, the court observed as follows:
 Initially, we observe that the ordinance would clearly be invalid had it been enacted after the effective date of the 1986 legislation in which La.R.S. 51:191
was amended. As amended, there is no question that "La.R.S. 51:191 prohibits the local government from enacting a Sunday closing ordinance without holding an election to approve it." * * * The ordinance in question prohibits, in most instances, the sale of alcoholic beverage on Sundays within the City of Lake Charles. Thus, had it been enacted subsequent to 1986, there is no question but that the ordinance, enacted without popular mandate, would be invalid.
Moreover, in Atty. Gen. Op. 86-633 this office was asked whether a municipality could adopt an ordinance that requires bars and lounges to be closed on Sundays either with or without an election of the people. It was noted Act 1 of 1986 amended and reenacted the Sunday Closing Law provisions, R.S. 51:191-195, and authorizes local governing authorities to adopt ordinances prohibiting the opening of certain business and sales on Sunday, but prior to the adoption of an ordinance pursuant to Act 1, the electorate must approve the form and substance of the ordinance at an election.
However, it was further observed that R.S. 51:191 prior to the 1986 amendment specifically prohibited the opening of saloons on Sunday, and R.S. 51:195 authorized municipal and parish governing authorities to suspend in their respective jurisdiction the state closing requirement. This office concluded, "Therefore, in answer to your question, we are of the opinion that a local political subdivision's governing authority has the power to prohibit, by ordinance, the opening of bars and lounges and the sale of alcoholic beverages on Sunday pursuant to R.S. 51:191 which requires advance approval of the electorate, or alternatively, pursuant to R.S. 26:494 which does not require any prior approval by the voters.
Also, R.S. 26:494 was found to be a legislative grant of authority to a local governing authority in addition to the power that said local governing body may have to provide for Sunday closing ordinances. This office stated in conclusion as follows:
 Therefore, in answer to your question, we are of the opinion that a local political subdivision's governing authority has the power to prohibit, by ordinance, the opening of bars and lounges and the sale of alcoholic beverages on Sunday pursuant to R.S. 51:191 which requires advance approval of the electorate, or alternatively, pursuant to R.S. 26:494 which does not require any prior approval by the voters.
Following this reasoning, we would conclude that the council for the Town of Cotton Valley cannot allow an establishment to open as a private club to serve alcoholic beverages on a Sunday when prohibited by an ordinance of 1984, and it cannot be changed without voter approval.
In response to your second question whether the town council can allow the establishment to remain open until 2:00 a.m. Monday through Friday, we note that Act 1012 of 1992 enacted R.S. 26:493.1 to provide the governing authorities of any municipality within a parish with a population of 58,068 persons may enact ordinances to regulate "the closing times of bars located within the municipality"; and Act 728 of 2001 amended the statute to decrease the required population so as to allow municipalities within a parish with a population between 53,000 and 57,000 to enact ordinances to regulate the closing times of bars located within the municipality, subject to approval of a majority of the qualified electors of the municipality voting at an election held for the purpose.
Our research indicates that Cotton Valley is in Webster Parish which at the last census only had a population of 41,831 and would not fall within the statutory limits so as to allow the governing authority of the municipality of Cotton Valley to enact ordinances regulating the closing times of bars. The statutory provision is a matter of reserving the police power for the state or parish in order to regulate the business of selling alcoholic beverages by restricting municipalities by population, and requiring approval of the electorate.
We note that Act 1012 of 1992 enacted R.S. 26:493.1 and the title provides it was relative to regulatory ordinances governing bar closing times and "to authorize the governing authorities of certainmunicipalities to adopt ordinances imposing such regulations; to provide for voter approval; and to provide for related matters." (Emphasis added.) Therein it set forth that the governing authority of any municipality within a parish with a population of 58,086 "may enact ordinances to regulate the closing times of bars located within the municipality subject to approval by a majority of qualified electors of the municipality."
Thereafter, Act 728 of 2001 was enacted and the title shows it was to decrease the required population of a parish in which a municipality shall be authorized to enact ordinances relative to such regulations.
In Atty. Gen. Op. 92-84 this office had stated that the local parish ordinance regulating closing hours of retail establishments licensed to sell alcoholic beverages does not supersede the local municipal ordinances regulating the closing hours of establishments located within corporate municipal limits. Therein this office observed as follows:
 In accordance with the provisions cited above, (R.S. 33:361) the municipality is given the authority to regulate the closing time of bars and similar establishments located within the corporate limits of the municipality. It is the opinion of this office that the parish police jury does not have the authority to impose parish restrictions on such establishments located within corporate limits of the municipality.
However, it is pertinent to recognize that this opinion was rendered without reference to R.S. 26:493.1 which was added by Act 1012 of 1992, and as noted above was to authorize "certain municipalities" to adopt ordinances" to impose bar closing times".
We would conclude that those municipalities that are not within these stated populations would not have the authority to regulate the closing time of bars, but it would fall to the authority of the parish police jury; and we feel to hold otherwise would render R.S. 26:493.1
meaningless wherein it authorizes "certain municipalities" to adopt ordinances governing closing times of bars.
In response to your third question whether a town employee can work after regular work hours for a contractor hired by the town to lay a water line, we find there is no prohibition under the dual officeholding provisions in accordance with the reasoning by this office in Atty. Gen. Op. 00-222. This office stated as follows:
 The Dual Officeholding and Dual Employment Laws, R.S. 42:61, et seq., do not prohibit this town employee from engaging in this work after his regular work hours with the town. Since the latter relationship is contractual, there is no `employment' as defined in LSA-R.S. 42:62(3), which provides:
 `Employment' means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or a political subdivision thereof.
 In fact, since the relationship is one of contract rather than "employment" as defined above, the provisions of the Dual Officeholding and Dual Employment Laws are not invoked. This office is of the opinion that no legal obstacle exists preventing the concurrent holding of both positions.
The town employee herein is not an employee of the town in his after hours position but an employee of the contractor, and we find that he can work for the contractor under these circumstances despite that he is also an employee of the town without violating the dual officeholding statutes.
However, while we do not find a legal obstacle that prevents the concurrent holding by a town employee of working after hours for a contractor who is laying water lines for the City, we would recommend this question of the dual employment should be reviewed by the Ethics Board.
We hope this sufficiently answers your inquiries, but if we can be of further assistance, do not hesitate to contact us.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 By: ____________________________ BARBARA B. RUTLEDGE Assistant Attorney General
CCF/bbr