Dear Mr. Brumfield:
You ask this office to advise if the Morehouse Parish Police Jury is authorized to amend the parish's Sunday closing ordinance prohibiting the sale of alcoholic beverages, or if such an amendment must be voted upon by the parish electorate at a local option election. In responding to your question, an examination of the history and status of the Sunday closing ordinances in Morehouse Parish is appropriate.
I. Ordinance No. 1173 (1989).
The Morehouse Parish Police Jury adopted Ordinance No. 1173 on April 3, 1989, establishing Sunday closing hours for businesses selling alcoholic beverages, making it unlawful for a business to sell alcoholic beverages from "twelve o'clockmidnight Saturday until six o'clock a.m. of the following Mondaymorning. . . "
La.R.S. 51:191 provides that a parish or municipality may adopt an ordinance prohibiting the opening of certain businesses and/or the sale of certain stock or articles of merchandise on Sundayif approved by the voters at an election called as provided inChapter 6-B of Title 18 of the Louisiana Revised Statutesof 1950. The Louisiana appellate courts have interpreted La.R.S. 51:191 to mean that a Sunday closing ordinance may be enacted only if an election is held. See Bebop's Ice House, Inc. v. Cityof Sulphur, 2000-602 (La. App. 3 Cir. 12/6/00) 774 So.2d 369, (holding invalid an ordinance of the City of Sulphur amending a prior Sunday closing ordinance adopted pursuant to a referendum vote); and Pappy'sInvestment Group of Lake Charles, Inc. v. City of *Page 2 Lake Charles, 96-411 (La. App. 3 Cir. 7/24/96) 677 So.2d 1145, 1146; writdenied, 96-2156 (La. 9/13/96) 679 So.2d 112, (holding invalid a 1983 ordinance adopted by the City of Lake Charles prohibiting the sale of alcoholic beverages on Sundays without a local option election approving same); and City of Zwolle v.Polk, 93-1102 (La. App. 3 Cir. 9/14/94) 643 So.2d 201; writdenied, 94-2553 (La. 1/13/95) 648 So.2d 1339, (holding invalid a 1976 ordinance adopted by the City of Zwolle prohibiting the sale of alcoholic beverages on Sundays in the absence of a local option election approving the prohibition).
It is the opinion of this office that the portion of Ordinance No. 1173 which prohibits the sale of alcoholic beverages from "twelve o'clock midnight Saturday until six o'clock a.m. of the following Monday morning. . . " is invalid, because this portion amounts to a Sunday closing law enacted in the absence of a referendum vote. This invalid portion may be severed from Ordinance No. 1173. See Louisiana jurisprudence holding that the unconstitutionality of one portion of a statute or ordinance does not render the entire statute unenforceable. Cox Cable New OrleansInc. v. City of New Orleans, 624 So.2d 890 (La. 1993), PoliceAssociation of New Orleans v. New Orleans, 94-1078 (La. 1/17/95)649 So.2d 951.
It is our further opinion that the remainder of Ordinance No. 1173, establishing closing hours for businesses selling alcoholic beverages during other days of the week, remains a valid regulatory act of the Parish, as authorized by La.R.S. 26:493.[1]
II. Ordinance No. 1226 (1995).
On November 18, 1995, the electorate of Morehouse Parish approved a proposition prohibiting the Sunday sales of alcoholic beverages, in compliance with La.R.S. 51:191.
On December 11, 1995, in Ordinance No. 1226, the Morehouse Parish Police Jury adopted the results of the election prohibiting the Sunday sales of alcoholic beverages within the parish. It is the opinion of this office that Ordinance No. 1226 which prohibits the sale of alcoholic beverages from twelve midnight on *Page 3 
Saturday until six a.m. the following Monday morning, remains a valid act of the parish, having been first approved by the voters at a local option election. Ordinance No. 1226 is codified at Section 3-44 of the Morehouse Parish Code of Ordinances.
III. Ordinance No. 1274 (2002) and OrdinanceNo. 1294 (2005).
Section 3-44 of the Morehouse Parish Code of Ordinances, prohibiting the sale of alcoholic beverages from twelve o'clock midnight on Saturday until 6:00 a.m. the following Monday morning, remained unchanged until October 14, 2002, when the Morehouse Parish Police Jury adopted Ordinance No. 1274, making it "unlawful to sell alcoholic beverages of low or high alcoholic content on Sunday from 2:00 a.m. to 6:00 a.m. Monday." The Morehouse Parish Police Jury later refined Section 3-44, by adopting Ordinance No. 1294 on June 13, 2005, to amend Section 3-44 to provide "no alcohol to be sold past 1:45 a.m. and the business shall be closed at 2:00 a.m."
We advise that Ordinances Nos. 1274 and 1294, which purport to revive Sunday sales of alcoholic beverages, are invalid acts of the police jury. Any amendment to the Sunday closing ordinance which permits businesses selling alcoholic beverages to do so past midnight on Saturdays must first be approved at a local option election called by the police jury pursuant to La.R.S. 51:191. We advise that until such time as a local option election is held, all Sunday sales of alcoholic beverages (i.e., from midnight on Saturday until 6:00 a.m. the following Monday) are currently prohibited in Morehouse Parish, under Ordinance No. 1226.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
JAMES D. "BUDDY" CALWELL ATTORNEY GENERAL
BY: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:arg
[1] La.R.S. 26:493 permits a local governing authority to set closing hours applicable to other days of the week. La.R.S. 26:493 provides ". . . the various subdivisions of the state may regulate but not prohibit, except by referendum vote as provided by Chapter 3 of this Title or by legally authorized zoning laws of municipalities, the business of wholesaling, retailing, and dealing in alcoholic beverages. . . " In the event of a conflict between La.R.S. 26:493 and La.R.S. 51:191, the latter statute is controlling, because it deals specifically with the narrow issue of Sunday sales. "A Sunday closing ordinance may be enacted only if an election is held." See Pappy's, citingZwolle, at 1147.