Dear Ms. Burkett:
As the City Attorney for the City of Denham Springs, you ask the following question: may the Denham Springs City Council, without holding a referendum election, amend the definition of "restaurant establishment" contained in its current alcoholic beverage ordinance, to be consistent with the definition provided by state law in La.R.S. 26:73(C)(1)(a)? For the following reasons explained below, we respond to your question in the affirmative.
La.R.S. 26:73 provides for the issuance of a Class "R" restaurant permit, allowing the sale of beverages of high alcohol content in any "restaurant establishment" as that term is defined by La.R.S. 26:73(C).[1] Among other requirements, state law requires a restaurant establishment operate as "a place of business whose average monthly revenue from food and nonalcoholic beverages exceeds fifty percent of its total average monthly revenue from the sale of food, nonalcoholic beverages, and alcoholic beverages." See La.R.S. 26:73(C)(1)(a). Seeking conformity with state law, the Denham Springs City Council proposes to amend the definition of restaurant establishment in the City's alcoholic beverage ordinance to include the "fifty percent" rule of La.R.S. 26:73(C)(1)(a).[2] The Council proposes to act without a local option election, which prompts the Council's inquiry to this office. *Page 2 
Local option elections determine the "wet" or "dry" status of a municipality.[3] A valid prohibition of all sales of alcoholic beverages within a municipality may only be accomplished in compliance with the procedures of the "Local Option" law, as provided by La.R.S. 26:581, et seq. Once a municipality has attained a wet or dry status, that status remains in effect until altered by vote of the electorate, again in accordance with the procedures established by the Local Option law.
A municipal governing authority may by ordinance regulate, but not prohibit, the sale of alcoholic beverages. See
La.R.S. 26:493.[4] A regulation by ordinance is illegally imposed by a municipality if the regulation rises to the level of a prohibition of the sales of alcoholic beverages, where such sales are permitted.[5] The reverse is also true: a regulation by ordinance is illegally imposed by a municipality if the regulation permits the sale of alcoholic beverages where such sales have been prohibited by the electorate.
In a wet municipality, the prohibition of the Sunday sales of alcoholic beverages is valid only where first approved by vote of the electorate. La.R.S. 51:191 provides that a parish or municipality may adopt an ordinance "regulating or prohibiting the opening of certain businesses and/or the sale of certain stock or articles of merchandise on Sunday, if approved by the voters at anelection called as provided in Chapter 6-B of Title 18 of theLouisiana Revised Statutes of 1950."[6] Once a municipality has voted to prohibit Sunday sales of alcoholic *Page 3 
beverages, a municipal governing authority may not by ordinance permit the sale of alcoholic beverages. The municipality may subsequently opt out of prohibition only if the electors of the municipality vote to do so pursuant to another election called under La.R.S. 51:191.[7]
Here, the adoption by ordinance of the permit requirements established by state law proposed is not a regulation which changes the wet/dry status of the sale of alcoholic beverages in restaurant establishments located within the municipality of Denham Springs. Restaurant sales of alcoholic beverages continue to be permissible under Denham Springs Ordinance 1088, an act of the Council which reflects the approval of such sales by municipal residents at a local option election held October 1, 1994.
The permit requirements as set forth in La.R.S. 26:73(C) are, in general, unrelated to the procedural requirements of a referendum held under either La.R.S. 26:581, et seq., or La.R.S. 51:191. Thus, it is the opinion of this office that the Denham Springs City Council may amend its alcoholic beverage ordinance to adopt the current definition of restaurant establishment provided by state law, without holding a local option election.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY:__________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:arg
[1] This definition of "restaurant establishment" also pertains to Restaurant "R" permits for the sale of beverages of low alcohol content. See La.R.S. 26:272(C).
[2] The definition of "restaurant establishment" in Section 10-94(4) of the Denham Springs Code of Ordinances requires the establishment to gross "sixty percent of its average month revenue from the sale of food, food items, and non-alcoholic beverages." The Council intends to repeal the "sixty percent" rule, and adopt the "fifty percent" rule of La.R.S. 26:73(C)(1)(a).
[3] When the electorate of a political entity votes to prohibit the sale of alcoholic beverages, that political entity is considered "dry;" similarly, when the electorate of a political entity votes to permit the sale of alcoholic beverages, the political entity is considered "wet." Sabine Parish Police Jury v. Commissioner ofAlcohol and Tobacco Control, 04-1833 (La. 4/12/05)898 So.2d 1244, at page 1245, n. 1.
[4] La.R.S. 26:493 provides:
Except as limited by the provisions of this Chapter the various subdivisions of the state may regulate but not prohibit, except by referendum vote as provided by Chapter 3 of this Title or by legally authorized zoning laws of municipalities, the business of wholesaling, retailing, and dealing in alcoholic beverages. No parish or municipality shall, in the exercise of its police power, regulate the business of selling such beverages more than is necessary for the protection of the public health, morals, safety, and peace. Local subdivisions, in adopting these regulatory ordinances, may provide, in addition to the ordinary penalties authorized by law for their violation, provisions which subject the permittee to having his permit suspended or revoked in the manner provided by law for the suspension or revocation of permits.
[5] An ordinance prohibiting the sale of liquor, without the predicate local option election, is of no force or effect.Sabine Parish Police Jury v. Commissioner of Alcohol and TobaccoControl, 04-1833 (La. 4/12/05)898 So.2d 1244, at page 1248, n. 10; see also Outpost TravelCenters v. Webster Parish PoliceJury, 44,738 (La. App. 2 Cir. 8/19/09) 2009 WL 2517094;Tolar v. State, 315 So.2d 22 (La. 1975); Froeba v. State,Department of Public Safety, Office of Alcoholic BeverageControl, 369 So.2d 727 (La. App. 3d Cir. 1979), writdenied, 371 So.2d 615 (La. 1979).
[6] The Louisiana appellate courts have interpreted La.R.S. 51:191 to mean that a Sunday closing ordinance may be enacted only if an election is held. See City of Zwolle v. Polk, 93-1102 (La.App. 3 Cir. 9/14/94) 643 So.2d 201, writ denied, 94-2553 (La. 1/13/95) 648 So.2d 1339; and Pappy's Investment Groupof Lake Charles, Inc. v. City of Lake Charles, 96-411 (La. App. 3 Cir. 7/24/96) 677 So.2d 1145, 1146, writdenied, 96-2156 (La. 9/13/96) 679 So.2d 112.
[7] See La. Atty. Gen. Op. 95-41. Further, in Atty. Gen. Op. 97-370, this office found invalid a city ordinance permitting the sales of alcoholic beverages on Sunday to members of the VFW and American Legion non-profit organizations, although the voters had previously approved the prohibition of sales of alcoholic beverages on Sundays. This office concluded that "the municipality had voted in the blue law, and the municipality must vote in any change to opt out of the total prohibition." Opinion 97-370 was cited with approval in Bebop's Ice House, Inc. v. City ofSulphur, 2000-602 (La. App. 3 Cir. 12/6/00) 774 So.2d 369, 373 (holding invalid an ordinance of the City of Sulphur amending a prior Sunday closing ordinance adopted pursuant to a referendum vote.)