258 So.2d 79

**CITY OF SHREVEPORT**

v.

**Joe Frank BELK.**

**No. 51984.**

Feb. 3, 1972.

Rehearing Denied March 8, 1972.

John Gallagher, City Atty., Joel M. Sermons, Asst. City Atty., for plaintiff-appellant.

Bodenheimer, Jones, Klotz & Simmons, J. W. Jones, Shreveport, for defendant-appellee.

PER CURIAM.

The defendant, Joe Frank Belk, was charged in the City Court of the City of Shreveport with selling *beer* on Sunday, in violation of Sec. 3–26 of the City Code of the City of Shreveport. He was convicted and sentenced to pay a fine of $100.00.

Defendant appealed to the First Judicial District Court, Parish of Caddo, where, sustaining defendant's Motion to Quash, the court held Sec. 3–26 [1] unconstitutional as being violative of La.Const. Art. 14, Sec. 40(d) [2], in that the Shreveport City ordinance and the state statute [3] on the same subject are in conflict, insofar as the city ordinance prohibits the selling of beer on Sunday. From this adverse ruling, the City of Shreveport appeals.

1. Sec. 3–26: "It shall be unlawful to sell, serve or dispense any alcoholic beverage in the City between the hours of 12:00 midnight Saturday and 7:00 A. M. Monday."
   Alcoholic beverage is defined in Sec. 301:
   "1. 'Alcoholic Beverages' means any fluid or any solid capable of being converted into fluid suitable for human consumption and *containing more than ½ or [of] 1% alcohol by volume*, including malt, vinous, spiritous, alcohol or intoxicating liquors, beer, porter, ale, stout, fruit juices, cider or wine."

2. "The provisions of this constitution and of any general laws passed by the legislature shall be paramount and no municipality shall exercise any power or authority which *is inconsistent or in conflict therewith*. Subject to the foregoing restrictions every municipality shall have, in addition to the powers expressly conferred upon it, the additional right and authority to adopt and enforce *local police, sanitary and similar regulations*, and to do and perform all other acts pertaining to its local affairs, property and government which are necessary or proper in the legitimate exercise of its corporate powers and municipal functions."

3. R.S. 51:191: "All stores, shops, saloons, and all places of public business, licensed under the law of Louisiana or under any parochial or municipal law and all plantation stores, shall be closed at twelve o'clock on Saturday nights, and remain closed continuously for twenty-four hours, during which time no proprietor thereof shall give, trade, barter, exchange or sell any of the stock or any article of merchandise kept in his establishment."
   R.S. 51:192: "The provisions of R.S. 51:191 shall not apply to newsdealers, the sale of ice, watering places and public parks, places of resort for recreation and health, newspaper offices, keepers of soda fountains, printing offices, book stores, drug stores, apothecary shops, undertaker shops, public and private markets, bakeries, dairies, livery stables, railroads, whether steam or horse, hotels, boarding houses, steamboats and other vessels, warehouse for receiving and forwarding freights, restaurants, telegraph offices and theatres, or any place of amusement, unless intoxicating liquors are sold in the premises. * * * "
   "Hotels or boarding houses may sell wine for table use on Sundays. No alcoholic, vinous or malt liquors shall be given, traded or bartered or sold or delivered in any public place on Sundays, * * *." [Emphasis supplied.]

There is no question but that the city ordinance under attack is broader than the State Sunday Closing Law. The city ordinance prohibits the sale of *all* alcoholic beverages on Sunday, including beer, while the State statute only prohibits the sale of intoxicating *liquor* on Sunday. In State v. Guimbellot, 232 La. 1043, 95 So.2d 650 (1957) we held that the State Sunday Closing Law does not prohibit the sale of *beer* on Sunday in places which are otherwise exempted from the operation of said law. However, for the reasons hereinafter set forth, it is unnecessary to reach this issue.

There is a specific grant of legislative authority, which was not called to the attention of the district judge by the litigants, conferring on the various political subdivisions of the state the authority to regulate the sale of alcoholic beverages.[4] This authority is contained in R.S. 26:494:

> "Except as limited by the provisions of this Chapter the various subdivisions of the state may regulate but not prohibit, except by referendum vote as provided by Chapter 3, this Title or by legally authorized zoning laws of municipalities, the business of wholesaling, retailing, and dealing in alcoholic beverages. * * *"

■ In City of Lafayette v. Elias, 232 La. 700, 95 So.2d 281 (1957) this Court held that R.S. 26:494 is a broad grant of

authority to municipalities allowing them wide discretion in the control of the sale of alcoholic beverages. This grant of authority is in addition to any authority which the city may have to provide for a day of rest.

■ The Shreveport City Ordinance herein assailed reasonably regulates the sale of alcoholic beverages, and, as such, is a valid exercise of authority. The fact that such regulation may be to prohibit the sale of such beverages on Sunday does not invalidate an otherwise valid ordinance.

Defendant contends that the city ordinance is a prohibition, rather than a regulation, of alcoholic beverages, and, therefore not within the ambit of R.S. 26:494, the quoted statute authorizing political subdivisions to "regulate but not prohibit" the sale thereof.

The line between prohibition and regulation is sometimes a fine one. Most regulation of activity involves the prohibition of certain types of activity. For example, the regulation of automobiles and highways may involve the prohibition of driving while intoxicated, or of driving over a certain speed.

In City of Lafayette v. Elias, 232 La. 700, 95 So.2d 281 (1957), we held that a municipal ordinance which *prohibited* the sale of beer to persons under the age of 21

---

4. The term "alcoholic beverages", as defined in R.S. 26.241(1), includes beer.

was a reasonable *regulation* of the sale of alcoholic beverages within the authority granted to municipalities.

The Shreveport City Ordinance herein assailed is a reasonable regulation, rather than a prohibition within the meaning of R.S. 26:494, of the sale of alcoholic beverages.

For the foregoing reasons, the judgment of the district court is reversed, and the case is remanded to the district court for further proceedings in accordance with law.

Reversed and remanded.

SUMMERS and DIXON, JJ., dissent.