WATSON, Judge
(concurring):
I am impressed with the arguments presented by counsel for plaintiff, and also with the observations by the trial court concerning the basis for the regulation contained in the ordinance by the Police Jury. I am concerned about the anomaly that Ville Platte, and possibly other municipalities, will observe a three a.m. closing and the parish, one a.m.
Also, I agree with the statement by the Louisiana Supreme Court in City of Shreveport v. Belk, 260 La. 1041, 258 So.2d 79 (1972) that the line between prohibition and regulation is “a fine one” meaning that it is very difficult to determine in some instances where regulation leaves off and prohibition begins. Forbidding a businessman to open his doors to the public and to conduct his business, and forbidding citizens to patronize establishments otherwise lawful, during six hours or twenty-five per cent of the day comes very close, in my opinion, to being a prohibition rather than a regulation.
However, under prior cases decided by the courts of Louisiana and of the other states, this is a matter which addresses itself to the Police Jury, or to some other legislative body, and not to the courts, except perhaps in a case of obvious abuse. In other words, this is a political decision and not a decision for the courts.
Therefore, with these reservations I respectfully concur in the result reached by the majority.