hSAUNDERS, Judge.
The facts are not in dispute. This case involves the regulation of the sale and consumption of alcoholic beverages within the City of Lake Charles. Specifically, we must determine whether the City of Lake Charles may regulate the sale and consumption of alcoholic beverages on Sundays pursuant to ordinances adopted by its city council in 1983 or, alternatively, whether the regulation, sale and/or consumption of alcoholic beverages on Sunday must be submitted to the voters pursuant to a state statute which became effective subsequent to the ordinances’ adoption by the council.

*1146
JzFACTS

The City of Lake Charles (“City”) is a Home Rule Charter city. The Home Rule Charter was adopted by the City in 1956 and amended by special election on June 15,1965. On May 18, 1983, the city council adopted Ordinance No. 7617, codified as Section 3-8. This ordinance regulates the sale of alcoholic beverages on Sundays. The ordinance had been approved by the council but never was presented to the general public for a vote.
Pappy’s Investment Group (“Pappy’s”), plaintiff in the original complaint, filed a petition to enjoin the City from enforcing the ordinance. Its petition alleges that the ordinance is invalid, being in contravention of La.R.S. 51:191, et seq., which regulates the sale of certain items on Sunday. Pappy’s argues that the ordinance is invalid because it had not first been put to a vote by the general public as required by the statute.

OPINION

Initially, we observe that the ordinance would clearly be invalid had it been enacted after the effective date of the 1986 legislation in which La.R.S. 51:191[1] was amended. As amended, there is no question but that “La. R.S. 51:191 prohibits the local government from enacting a Sunday closing ordinance without holding an election to approve it.” City of Zwolle v. Polk, 93-1102, at p. 3 (La.App. 3 Cir. 9/14/94); 643 So.2d 201, 202, writ denied, 94-2553 (La. 1/13/95); 648 So.2d 1339. The ordinance in question prohibits, in most instances, the sale of alcoholic beverag-esjjon Sundays within the City of Lake Charles. Thus, had it been enacted subsequent to 1986, there is no question but that the ordinance, enacted without popular mandate, would be invalid. City of Zwolle, 643 So.2d 201.
By the same token, had the ordinance been in place as of the effective date of the 1974 Louisiana Constitution, it is arguable that the ordinance would be enforceable, grandfathered under Article VI, § 4, of the 1974 Louisiana Constitution, since the City of Lake Charles possessed a Home Rule Charter:
Sec. 4. Existing Home Rule Charters and Plans of Government
Section 4. Every home rule charter or plan of government existing or adopted when this constitution is adopted shall remain in effect and may he amended, modified, or repealed as provided therein. Except as inconsistent with this constitution, each local governmental subdivision which has adopted such a home rule charter or plan of government shall retain the powers, functions, and duties in effect when this constitution is adopted. If its charter permits, each of them also shall have the right to powers and functions granted to other local governmental subdivisions.
(Emphasis added.)
The facts of this case place it between these two extremes, however, for the ordinance was passed subsequent to the effective date of the 1974 Constitution, but prior to the effective date of the 1986 legislation. Therefore, further analysis is required.
During the proceedings before the trial court, the City essentially raised two arguments. First, it maintained that, notwithstanding La.R.S. 51:191, its ordinance remained valid without popular vote because La.R.S. 26:493[2] permits subdivisions |4of the *1147 state to regulate sales of alcoholic beverages. Second, the City cited the following constitutional authority to suggest that any limitation by the state of the local government’s police powers to regulate alcohol is constitutionally invalid:
La. Const, art. VI, § 6.
§ 6. Home Rule Charter or Plan of Government; Action by Legislature Prohibited
Section 6. The legislature shall enact no law the effect of which changes or affects the structure and organization or the particular distribution and redistribution of the powers and functions of any local governmental subdivision which operates under a home rule charter.
Like the trial court before us, we find merit in neither argument. As to the City’s first argument, we need merely restate the position articulated in City of Zwolle, 648 So.2d 201. La.R.S. 51:191 supersedes La. R.S. 26:493.
It is well settled that when two statutes apply to the same situation, the specific statute prevails over the general one. Lyman v. Town of Sunset, 500 So.2d 390 (La.1987); Yamaha Motor Corp., U.S.A. v. Bonfanti Industries, Inc., 589 So.2d 575 (La.App. 1st Cir.1991). The jurisprudence provides that we should look to the statute more specifically directed to the matter at issue. Smith v. Cajun Insulation, Inc., 392 So.2d 398 (La.1980); State ex rel. Bickman v. Dees, 367 So.2d 283 (La.1978). In the situation at hand, the Sunday closing law deals more specifically with the matter at hand than does the general police power provisions of La.R.S. 26:493. La.R.S. 26:493 deals with regulation of alcohol generally while La.R.S. 51:191 deals specifically with the narrow issue of Sunday sales. Accordingly, the provisions of La.R.S. 51:191 should govern here. A Sunday closing ordinance may be enacted only if an election is held.
City of Zwolle, 643 So.2d at 202-03.[3]
^Likewise, we find no merit in the City’s second argument. As the language emphasized in Article 6, § 4 above suggests, the grandfather clause contained in our state’s constitution only permits the City to “retain the powers, functions, and duties in effect when this constitution [was] adopted.” The effective date of Louisiana’s 1974 Constitution was midnight December 31,1974. La. Const, art. XIV, § 35. Because the ordinance at issue was not enacted until after this date, the City was required by La.R.S. 51:191 to call an election, as the trial court correctly held.[4]
For the foregoing reasons, the judgment and excellent reasons of the trial court are affirmed, at appellant’s costs.
AFFIRMED.

. La.R.S. 51:191 provides:
Except as provided in R.S. 51:193, the governing authority of any parish or municipality may adopt ordinances regulating or prohibiting the opening of certain businesses and/or the sale of certain stock or articles of merchandise on Sunday, if approved by the voters at an election called as provided in Chapter 6-B of Title 18 of the Louisiana Revised Statutes of 1950. (Footnote omitted.)

. This provision states:
Except as limited by the provisions of this Chapter the various subdivisions of the state may regulate but not prohibit, except by referendum vote as provided by Chapter 3 of this Title or by legally authorized zoning laws of municipalities, the business of wholesaling, retailing, and dealing in alcoholic beverages. No parish or municipality shall, in the exercise of its police power, regulate the business of selling such beverages more than is necessary for the protection of the public health, morals, safety, and peace. Local subdivisions, in adopting these regulatoiy ordinances, may provide, in addition to the ordinary penalties authorized by law for their violation, provisions which subject the permittee to having his *1147 permit suspended or revoked in the manner provided by law for the suspension or revocation of permits.

. In the context of ordinances affecting the sale of alcoholic beverages, prohibition is a form of regulation. "The line between prohibition and regulation is sometimes a fine one. Most regulation of activity involves the prohibition of certain types of activity.” City of Shreveport v. Belk, 260 La. 1041, 258 So.2d 79, 80-81 (1972).

. City of New Orleans v. Board of Com'rs, 93-0690 (La. 7/5/94); 640 So.2d 237, involving an ordinance “in existence when the 1974 Louisiana Constitution was adopted,” is thereby distinguished. Id. at 9; 640 So.2d-at 244.