Dear Mr. Emmons:
This office is in receipt of your request for an opinion of the Attorney General in regard to the sale of alcohol on Sundays by the VFW and the American Legion. You indicate voters approved on Nov. 5, 1996 prohibition of sale of alcoholic beverages on Sundays, and the ordinance was adopted as follows:
Chapter 3. Alcoholic Beverages. Article I, In General
Sec. 3-2. Sale on Sundays.
(a) Alcoholic beverages of either high or low alcoholic content may be sold at retail within the corporate limits of the city, from mid-night Saturday until 1:30 a.m. Sunday morning, after which no further alcoholic beverages may be sold and the retail place of business must be closed and all occupants must have vacated the premises thirty (30) minutes thereafter, i.e. by 2:00 a.m.
(b) No alcoholic beverages shall be given, traded, bartered, sold or delivered after 1:30 a.m. on Sunday mornings, except that beer and wine may be sold by holder of class "B" permits after 12:00 noon on Sunday and that beer and wine may also be sold for consumption with meals in restaurants, hotels and boarding houses after 12:00 noon on Sundays by holders of class "A" permits.
You ask if it would be legal for the council to amend this ordinance to permit *Page 2 
the opening by non-profit organizations of their establishments to members on Sundays or should another election be held to provide for non-profit organizations opening on Sundays.
Pertinent to your inquiry are the provisions of R.S. 26:493
and R.S. 51:191 as adjudicated in Pappy's Inv. Group v. Lake Charles, 677 So.2d 1145 (La.App 1996). The court placed reliance upon City of Zwolle, 643 So.2d 201 (La.App 1994), cert. denied,648 So.2d 1339, wherein the court found that R.S. 26:493 deals with regulation of alcohol generally while R.S. 51:191 deals specifically with the narrow issue of Sunday sale. It held that R.S. 51:191 should govern as dealing with the matter at hand, and concluded a Sunday closing ordinance may be enacted only if an election is held.
R.S. 51:191 provides that the governing authority of any parish or municipality may adopt ordinances "regulating or prohibiting" the opening of certain business and/or sale of certain merchandise on Sunday "if approved by the voters at an election". We take particular note that the provision is written with the disjunctive "or" taking this to require voter approval of an ordinance regulating sales on Sundays.
The present law mandates the prohibition of sale of alcoholic beverages on Sunday and closing of the retail places of business was upon approval of the voters. An amendment to an existing ordinance is a different regulation of sales of alcohol on Sunday, and, inasmuch as the governing authority may adopt an ordinance regulating opening of business and sales of certain merchandise on Sunday if "approved by the voters", the amendment would also require voter approval. Their power to amend ordinances cannot ignore this statutory provision when the ordinance is relative to Sunday sales.
We find no case law adjudicating the power of the police jury to amend an ordinance that prohibits sales of alcohol on Sundays as voted by the populace so as to grant an exception for non-profit organizations. However, in Atty. Gen. Op. No. 95-413 this office found the parish may adopt a blue law pursuant to a parish-wide approval, but a municipality may subsequently opt out of the blue law "if the electors of the municipality vote to do so".
Following this logic in the instant inquiry, we find the municipality voted in the blue law, and the municipality must vote in the change to opt out of the total prohibition.
We hope this sufficiently answers your inquiry.
Sincerely yours,
Richard P. Ieyoub Attorney General
By: Barbara B. Rutledge