CARAWAY, J.
 

 |,The owner of a liquor store seeks in this action a judgment declaring a local police jury ordinance invalid. Enacted in 1975, the ordinance requires the Sunday closure of establishments which sell liquor in the district within the parish where plaintiffs business is located. Plaintiff as
 
 *267
 
 serts that a 1986 statute requires all Sunday closing laws to be enacted by a special vote of the electorate. After the trial court invalidated the local ordinance, the police jury appealed. From our review of the regulatory power of political subdivisions over the sale of alcoholic beverages in their jurisdictions and the history of Sunday closing law in the state, we reverse.
 

 Facts
 

 Silver Dollar Liquor (“Silver Dollar”) is a liquor store located in District 6 of Red River Parish outside of any municipality. Section 3-18 of the Red River Parish Code reads as follows in pertinent part:
 

 Sec. 3-18. Closing hours.
 

 No person holding a retail dealer’s permit and no servant, agent or employee of the permittee, shall sell or serve any beverage of a low alcoholic content or of a high alcoholic content or any malt beverage as defined herein between the hours of 12:00 midnight and 6:00 a.m. or between the days of Saturday at 12:00 midnight and Monday at 6:00 a.m. (Ord. No. 61 § 145-27-75).
 

 This Sunday closing law ordinance has application in District 6.
 

 On August 18, 2009, Silver Dollar instituted suit for declaratory judgment against the Red River Police Jury (“Police Jury”) seeking to have Sec. 3-18 declared invalid on the grounds that La. R.S. 51:191 requires a vote of the people authorizing the closing of businesses on Sunday, and no |2such election has occurred. The Police Jury answered the suit asserting that it had authority under La. R.S. 26:493 to regulate Sunday sales of alcohol.
 

 The parties submitted the case for trial on stipulations of fact. Initially, the facts reveal that after a 1939 parish-wide election regarding prohibition, the parish was voted “dry.” This changed in 1974 with the significant ruling of the Louisiana Supreme Court in
 
 State v. Sissons,
 
 292 So.2d 523 (La.1974). The court held that the effect of such earlier prohibition elections had been superseded by subsequent 1950 legislation requiring local option elections on a ward basis for separate areas throughout a parish. Thus, after the
 
 Sis-sons
 
 ruling, District 6 of Red River Parish was no longer “dry,” and no local option election prohibiting the sale of alcoholic beverages has occurred since that time.
 

 Additionally, the parties stipulated the following facts:
 

 • On May 27, 1975, the Red River Parish Police Jury adopted Ordinance Number 61 of Red River Parish'.
 

 • Red River Parish Police jury subsequently adopted the Red River Parish Code. Section 14 of Ordinance Number 61 became Section 3-18 of the Red River Parish Code.
 

 • Section 3-18 of the Red River Parish Code was amended on March 1, 1988.
 

 • There has been no election since 1974 in District 6 regarding the prohibition or regulation of Sunday sales of alcoholic beverages prohibited by Ordinance 61 and Parish Code 3-18.
 

 • Following
 
 Sissons,
 
 Red River Parish did hold elections in other districts for the purpose of regulating the sales of alcoholic beverages, including Districts One, Two, Three, Seven and Eight. Pursuant to those election results, certain ordinances were promulgated with respect to those districts.
 

 |sThe parties’ evidence also included copies of Ordinance Number 61, Section 14, minutes of a 1988 meeting of the Red River Police Jury, and a copy of Section 3-18 as set forth in the Red River Parish Code.
 

 On February 9, 2010, the trial court in an oral ruling held that La. R.S. 51:191
 
 *268
 
 “supersedes” La. R.S. 26:493 and gave judgment in favor of the plaintiff. A signed judgment followed on February 22, 2010, invalidating Ordinance Number 61, Section 14 and Section 3-18 of the Red River Parish Code and casting the Police Jury with costs. This appeal by the Police Jury ensued.
 

 Discussion
 

 A police jury is a creature and subordinate political subdivision of the State and as such only possesses those powers conferred by the State’s Constitution and statutes.
 
 Rollins Environmental Services of Louisiana, Inc. v. Iberville Parish Police Jury,
 
 371 So.2d 1127 (La.1979). Where a police jury has authority to regulate by ordinance in a particular field, the exercise of that authority is dependent upon whether the State legislature has not enacted general laws on the same subject and thereby preempted that field of regulation.
 
 Id.
 
 at 1131.
 

 The power to regulate traffic in alcoholic beverages is vested in the State and the legislature may delegate such power to political subdivisions of the State.
 
 State v. Sissons, supra.
 
 The statute which delegates to a police jury and other political subdivisions their power to regulate alcohol is La. R.S. 26:493, which provides:
 

 Except as limited by the provisions of this Chapter the various subdivisions of the state may regulate but not prohibit, except [4by referendum vote as provided by Chapter 3 of this Title or by legally authorized zoning laws of municipalities, the business of wholesaling, retailing, and dealing in alcoholic beverages. No parish or municipality shall, in the exercise of its police power, regulate the business of selling such beverages more than is necessary for the protection of the public health, morals, safety, and peace. Local subdivisions, in adopting these regulatory ordinances, may provide, in addition to the ordinary penalties authorized by law for their violation, provisions which subject the permittee to having his permit suspended or revoked in the manner provided by law for the suspension or revocation of permits.
 

 Act No. 18 of 1886 enacted what became known as Louisiana’s Sunday Law. Section 1 of the Act, which later became La. R.S. 51:191, provided in relevant part for the closure of all stores, shops, saloons, all places of public business and all plantation stores for 24 hours beginning at 12:00 on Saturday nights. Nevertheless, Sections 2 and 3 of the Act, which later became La. R.S. 51:192, exempted from the Sunday Law, news dealers, keepers of soda fountains, places of resort for recreation and health, watering places and public parks, the sale of ice, newspaper offices, printing offices, bookstores, drugstores, apothecary shops, undertaker shops, public and private markets, bakeries, dairies, livery stables, railroads, whether steam or horse, hotels, boarding houses, steamboats and other vessels, warehouses for receiving and forwarding freights, restaurants, telegraph offices and theaters, or any place of amusement, providing no intoxicating liquors are sold in the premises.
 
 See City of Bogalusa v. Blanchard,
 
 141 La. 33, 74 So. 588 (1917).
 
 [1]
 
 Eventually, the entire Sunday Law was found in La. R.S. 51:191-195.
 
 [2]
 

 | ^Apparently due to the lack of specificity in the Sunday Law provisions, La. R.S. 51:194 was enacted in 1962 and particularly prohibited Sunday sales of “clothing or
 
 *269
 
 wearing apparel; lumber or building supply materials; furniture; home or business of office furnishings; any household, office or business appliances; new or used automobiles and trucks or parts for and servicing of such motor vehicles in all places of business wherein such motor vehicles are sold.”
 

 In addition to the statewide Sunday Law, some local political subdivisions adopted Sunday closing laws pertaining to alcoholic beverage sales pursuant to La. R.S. 26:493. In 1972, in the case of
 
 City of Shreveport v. Belk,
 
 260 La. 1041, 258 So.2d 79 (1972), the court considered whether conflict existed between the regulatory authority given to local political subdivisions under La. R.S. 26:493
 
 [3]
 
 and the statewide Sunday Law of Title 51. Belk was charged with selling beer on Sunday, in violation of a Shreveport city ordinance which prohibited the sale of all alcoholic beverages on Sunday. Because the court had previously held in
 
 State v. Guimbellot,
 
 232 La. 1043, 95 So.2d 650 (1957), that the Louisiana Sunday Law did not prohibit the Sunday sale of beer in places which were otherwise exempted from the Sunday Law, Belk argued that the Shreveport ordinance created an unconstitutional conflict with state law. The court rejected that contention and upheld Shreveport’s total Sunday ban with the rationale that La. R.S. 26:493 was a “specific grant of legislative authority” that was “in addition to any authority which the city may have to provide for a day of | firest.” The court determined that the Shreveport ordinance “reasonably regulates the sale of alcoholic beverages,” and the Sunday closing created by the ordinance was thus not inconsistent or in conflict with the general Sunday Law.
 

 After
 
 Belk,
 
 La. R.S. 51:195 was added in 1976 and authorized “the governing authority of each parish and municipality” to exempt from the statewide Sunday closing laws businesses dispensing alcoholic beverages at retail. Thus, the authority extended to the local political subdivisions regarding alcohol regulation was clearly intended by the legislature to operate independent of the statewide Sunday Law, and a local ordinance could allow or prohibit the sale of alcoholic beverages in a manner different from that law.
 

 In 1986, a major change occurred to Louisiana’s Sunday Law with the enactment of 1986 La. Acts 1, § 1. Except for the motor vehicle dealer business (new La. R.S. 51:193), the statewide Sunday closing provisions for businesses previously affected by the law were repealed. For example, the businesses expressly prohibited from Sunday sales under La. R.S. 51:194 were freed by the repeal of that statute to conduct business. The former La. R.S. 51:192 was repealed, and the completely new Section 192 deals with lease agreements requiring tenants to operate a business on Sunday.
 

 With this 1986 decision to repeal the longstanding statewide Sunday Law, the legislature gave the following grant of local authority to parish and municipal governments regarding Sunday closings:
 

 Sunday closing law; local ordinances; election
 

 17Except as provided in R.S. 51:193, the governing authority of any parish or municipality may adopt ordinances regulating or prohibiting the opening of certain businesses and/or the sale of certain stock or articles of merchandise on Sunday, if approved by the voters at an election called as provided in Chapter 6-B of Title 18 of the Louisiana Revised Statutes of 1950.
 

 
 *270
 
 La. R.S. 51:191. It is this statute which Silver Dollar Liquor now asserts as an impediment to the Police Jury’s continued enforcement of its 1975 ordinance prohibiting Sunday sales of alcohol in District 6.
 

 From the above review of the history of the Sunday Law and the
 
 Belk
 
 ruling, the question presented is one of statutory interpretation and the effect of the significant legislative action of 1986. Did the legislature intend to modify a police jury’s authority under La. R.S. 26:493 to regulate the sale of alcohol by the use of Sunday closing ordinances so that a vote of the people through an election is now required? That question, however, is somewhat broader than the particular issue at hand under the facts of this case. More precisely, in this case, even assuming that the election required under the new La. R.S. 51:191 limits a police jury’s power to enact such ordinances, did the new legislation operate to repeal in 1986 all existing local ordinances which prohibited the Sunday sales of alcohol as sanctioned by the
 
 Belk
 
 ruling? From our review of the law regarding the implied repeal of existing law, we find that the Police Jury’s 1975 ordinance was unaffected by the 1986 legislation and the enactment of La. R.S. 51:191.
 

 Louisiana Civil Code Article 8 addresses the repeal of our laws, as follows:
 

 Laws are repealed, either entirely or partially, by other laws.
 

 |SA repeal may be express or implied. It is express when it is literally declared by a subsequent law. It is implied when the new law contains provisions that are contrary to, or irreconcilable with, those of the former law.
 

 The repeal of a repealing law does not revive the first law.
 

 It is well settled in the jurisprudence that repeals by implication are not favored and that a repeal by implication will be found only when there is an irreconcilable conflict between two statutes (or constitutional provisions) and where there exists no possible construction that could give both provisions effect.
 
 City of New Orleans v. Louisiana Assessors’ Retirement and Relief Fund,
 
 05-2548 (La.10/1/07), 986 So.2d 1;
 
 Jordan v. Louisiana Gaming Control Board, 98-1122,
 
 98-1133, 98-1134 (La.5/15/98), 712 So.2d 74;
 
 State v. Standard Oil Co. of Louisiana,
 
 188 La. 978, 178 So. 601 (1937).
 

 A statute must be applied and interpreted in a manner that is logical and consistent with the presumed fair purpose and intent of the Legislature in enacting it. The text of the law is the best evidence of legislative intent.
 
 Black v. St. Tammany Parish Hosp.,
 
 08-2670 (La.11/6/09), 25 So.3d 711. Where two statutes deal with the same subject matter, they should be harmonized if possible, as it is the duty of the courts, in the construction of statutes, to harmonize and reconcile laws.
 
 Black v. St. Tammany Parish Hosp., supra; Kennedy v. Kennedy,
 
 96-0732 (La.9/9/97), 699 So.2d 351.
 

 The repeal of laws addressed in Article 8 of the Civil Code concerns a new law’s effect on an existing law. The Police Jury’s Ordinance No. 61 was an existing law in 1986 by virtue of the delegated legislative authority given by the legislature to political subdivisions. The new law, La. R.S. |fl51:191, did not expressly repeal any Sunday closing law of the various police juries and municipalities which may have been imposed as a regulation of alcohol in their jurisdictions around the state. Therefore, under Article 8, if the provisions of the new 1986 statute “are contrary to, or irreconcilable with” the existing Sunday closing laws of Red River Parish and other political subdivisions, Ordinance No. 61 was impliedly repealed. In our opinion, however, we do not find such irreconcilable conflict.
 

 
 *271
 
 The importance of the
 
 Belle
 
 ruling and the later enactment in 1976 of the former La. R.S. 51:195 is that the regulatory authority of the political subdivision over alcohol within its jurisdiction operates in an independent realm under La. R.S. 26:493 regardless of what the legislature might choose regarding Sunday laws for statewide businesses in general and even those businesses selling alcohol. When the legislature removed itself from the regulation of Sunday business enterprise in 1986 without drawing back the Police Jury’s authority under La. R.S. 26:493 for Sunday closing laws for alcohol, the Police Jury’s ordinance retained its independent force regardless of the changes to Title 51.
 
 [4]
 
 Moreover, there is no indication in the jurisprudence that prior to 1986 political subdivisions had ever chosen to regulate businesses through Sunday closing laws other than those businesses selling alcohol. Instead, the statewide Sunday Law of Title 51 |inhad prevailed. Thus, the new La. R.S. 51:191 may only reflect the legislative intent that prospective local regulation of Sunday sales for an ordinary business not involved with the sale of alcohol requires the approval of the majority of the electorate.
 

 Specifically, the new directives of La. R.S. 51:191 establish a procedure for the enactment of Sunday closing laws by political subdivisions for business commerce in general. The appropriate process for the enactment of Ordinance No. 61 had already occurred before 1986. The new procedure requires an election to be called by a police jury or municipality to enact a Sunday closing law. This new statute therefore did not substantively end regulation of the Sunday operations of any business in Red River Parish, but simply extended a new procedure to the Police Jury for its determination and the determination of the electorate to prospectively regulate business commerce. The new procedure is therefore not irreconcilable with the existing Sunday closing law of the parish as embodied in Ordinance No. 61, and the implied repeal of existing law being unfavored, we find that no repeal of the ordinance resulted from the 1986 legislation.
 

 Conclusion
 

 For the foregoing reasons, the ruling of the trial court is reversed. Costs of appeal are assessed to appellee.
 

 REVERSED.
 

 [1]
 

 . A 1983 amendment made each category of La. R.S. 51:192 a separate paragraph, combined certain of the categories and designated subsections A, B and C.
 

 [2]
 

 . La. R.S. 51:193 was enacted in 1918 and regulated the closing of barber shops.
 

 [3]
 

 . Before its redesignation as La. R.S. 26:493 by 1987 La. Acts 696, § 1, the statute as listed in the
 
 Belk
 
 ruling was La. R.S. 26:494.
 

 [4]
 

 . In reaching this conclusion, we find that La. R.S. 26:493 is the specific statute addressing alcohol with its societal risks requiring "the protection of the public health, morals, safety, and peace" by a political subdivision. The ordinary commerce of other businesses without such risks is the general subject matter of La. R.S. 51:191. Thus, we reject the rationale and holding of the two rulings of the Third Circuit Court of Appeal for this controversy.
 
 See, City of Zwolle v. Polk,
 
 93-1102 (La.App. 3d Cir.9/14/94), 643 So.2d 201,
 
 writ denied,
 
 94-2553 (La.1/13/95), 648 So.2d 1339 and
 
 Pappy’s Investment Group of Lake Charles, Inc. v. City of Lake Charles,
 
 96-411 (La.App. 3d Cir.7/24/96), 677 So.2d 1145,
 
 writ denied,
 
 96-2156 (La.9/13/96), 679 So.2d 112.