74 So.3d 641 (2011)
SILVER DOLLAR LIQUOR, INC.
v.
RED RIVER PARISH POLICE JURY.
No. 2010-C-2776.
Supreme Court of Louisiana.
September 7, 2011.
*642 Bethard & Bethard LLP, Robert Edgerton Bethard, Coushatta, Thomas Law Firm, Jeffrey Howerton Thomas, Natchitoches, for Applicant.
Julie C. Jones, District Attorney, John Christopher Guillet, Assistant District Attorney, for Respondent.
JOHNSON, Justice.
This matter involves the validity of Section 3-18 of the Red River Parish Code ("Section 3-18"), which prohibits the Sunday sale of alcoholic beverages. We are called upon to interpret and determine the applicability of two statutes: La. R.S. 51:191, which requires a local-option election in order to authorize a Sunday-closing law; and La. R.S. 26:493, which delegates to political subdivisions the power to regulate the sale of alcoholic beverages.
Plaintiff, Silver Dollar Liquor, L.L.C. ("Silver Dollar"), owns the Silver Dollar Liquor Store located within District 6 of Red River Parish. Silver Dollar filed a declaratory judgment action against defendant, Red River Parish Policy Jury ("Police Jury"), seeking to have Section 3-18 declared invalid because there has never been a local option election in District 6 pursuant to La. R.S. 51:191. The Police Jury answered that it has authority under La. R.S. 26:493 to regulate the sale of alcoholic beverages. Relying on La. R.S. 26:493, the court of appeal found in favor of the Police Jury, holding Section 3-18 to be valid.[1] Finding the court's decision created a split in the circuits, we granted Silver Dollar's writ application to resolve the split.[2] For the reasons set forth below, we affirm the decision of the court of appeal.

FACTS AND PROCEDURAL HISTORY
Following the repeal of the prohibition against the manufacture and sale of *643 alcohol by the Twenty-First Amendment to the United States Constitution,[3] the Louisiana legislature passed legislation permitting the business of selling and producing alcoholic beverages. See La. Acts 1933, Ex.Sess., No. 1.[4] While the Twenty-First Amendment grants to the states power to regulate the "delivery or use therein of intoxicating liquors," this power is broad, and can be delegated by the states as they see fit. See City of Newport, Ky. v. Iacobucci, 479 U.S. 92, 96, 107 S.Ct. 383, 93 L.Ed.2d 334 (1986). Louisiana delegated to its political subdivisions the authority to regulate alcoholic beverages. See La. Acts 1933, Ex.Sess., No. 2.[5] This law was codified in the 1950 enactment of the Revised Statutes as La. R.S. 26:494. Title 26 was amended and reenacted in 1987, and La. R.S. 26:494 was reenacted as the current La. R.S. 26:493. This statute provides:
Except as limited by the provisions of this Chapter the various subdivisions of the state may regulate but not prohibit, except by referendum vote as provided by Chapter 3 of this Title or by legally authorized zoning laws of municipalities, the business of wholesaling, retailing, and dealing in alcoholic beverages. No parish or municipality shall, in the exercise of its police power, regulate the business of selling such beverages more than is necessary for the protection of the public health, morals, safety, and peace. Local subdivisions, in adopting these regulatory ordinances, may provide, in addition to the ordinary penalties authorized by law for their violation, provisions which subject the permittee to having his permit suspended or revoked in the manner provided by law for the suspension or revocation of permits.
La. R.S. 26:493.[6]
As part of this delegation of power, political subdivisions were given authority to hold local option elections to allow the voters to decide whether to prohibit or permit the sale of alcohol within those political subdivisions. See La. Acts 1933, Ex.Sess., No. 2. Throughout the years, the legislature changed this delegation of authority to different political subdivisions.[7] Notably, in 1950, the legislature *644 restricted exercise of local option elections to wards and incorporated municipalities. La. Acts 1950, Ex.Sess., No. 2.[8]
After a 1939 parish-wide prohibition election authorized by Act 17 of the 1935 extraordinary session of the Louisiana legislature, Red River Parish was voted "dry."[9] Red River remained a dry parish until 1974, following this Court's decision in State v. Sissons, 292 So.2d 523 (La. 1974). In Sissons, this Court struck down a Winn Parish ordinance prohibiting the sale of alcoholic beverages on the basis that it exceeded the legislative delegation of power. Specifically, the Court held the exercise of local option on a parish-wide basis rendered the resulting ordinance invalid. This Court found such local option ordinances had been superseded by the subsequent 1950 legislation restricting the exercise of local option exclusively to wards and incorporated municipalities, and expressly prohibiting exercise of local option on a parish-wide basis. Sissons, 292 So.2d at 526.
After the Sissons ruling, local option elections were held in certain wards in Red River Parish for the purpose of regulating the sale of alcoholic beverages.[10] However, there has been no election in District 6, where Plaintiff's store is located, regarding the prohibition of sales of alcoholic beverages.
On May 27, 1974, the Police Jury adopted Ordinance Number 61 of Red River Parish. The police jury subsequently adopted the Red River Parish Code, and Section 14 of Ordinance Number 61 became Section 3-18 of the Red River Parish Code. Section 3-18 provides, in pertinent part:
Closing hours.
No person holding a retail dealer's permit and no servant, agent or employee of the permittee, shall sell or serve any beverage of a low alcoholic content or of *645 a high alcoholic content or any malt beverage as defined herein between the hours of 12:00 midnight and 6:00 a.m. or between the days of Saturday at 12:00 midnight and Monday at 6:00 a.m. (Ord. No. 61 § 145-27-75).[11]
General restrictions on Sunday sales in Louisiana began with the enactment of Act No. 18 of 1886, in what became known as Louisiana's Sunday Law.[12] Section 1 of the Act provided in relevant part for the closure of all stores, shops, saloons, all places of public business and all plantation stores for 24 hours beginning at 12:00 on Saturday nights.[13] However, in 1986 the legislature completely revamped the Sunday closing laws and repealed the old "blue laws" with the enactment of 1986 La. Acts 1, § 1. The legislature enacted a form of local option in La. R.S. 51:191, which gave the following grant of local authority to parish and municipal governments regarding Sunday closings:
Sunday closing law; local ordinances; election
Except as provided in R.S. 51:193[14], the governing authority of any parish or municipality may adopt ordinances regulating or prohibiting the opening of certain businesses and/or the sale of certain stock or articles of merchandise on Sunday, if approved by the voters at an election called as provided in Chapter 6-B of Title 18 of the Louisiana Revised Statutes of 1950.
La. R.S. 51:191.
It is undisputed that no election was held in District 6 pursuant to La. R.S. 51:191. According to Silver Dollar, La. R.S. 51:191 authorizes Sunday closing laws only after voter approval in a local-option election. Because there has been no such election in District 6, Section 3-18 of the Red River Parish Code, prohibiting the sale of alcohol on Sunday, is invalid. By contrast, the Police Jury argues it has separate authority under La. R.S. 26:493 to regulate the sale of alcoholic beverages, regardless of La. R.S. 51:191.
The case was submitted for trial on stipulations of fact and exhibits. Finding that La. R.S. 51:191 superseded La. R.S. 26:493, the trial court entered judgment declaring Section 3-18 of the Red River Parish Code invalid. The court reasoned it was impossible to read La. R.S. 26:493 and La. R.S. 51:191 in pari materia, stating:
To give effect to both statutes would mean that even if voters rejected closing on Sunday in a 51:191 election, the Policy Jury would still have the power to "regulate" by imposing closing under 26:493, this in spite of the fact that [51:191], as now constituted, also speaks of "regulating." We believe that [51:191] supersedes 26:493.
A five-judge panel of the court of appeal reversed.[15] The court stated the issue as whether the legislature intended to modify a police jury's authority under La. R.S. 26:493 to regulate the sale of alcohol by the use of Sunday closing ordinances so that a vote of the people through an *646 election is now required. Silver Dollar Liquor, 56 So.3d at 270. And, more specifically, whether the 1986 legislation overhauling the Sunday closing laws operated to repeal all existing local ordinances which prohibited the Sunday sales of alcohol. Id.
The court found that Ordinance 61 (and, thus, Section 3-18) was unaffected by the 1986 legislation and the enactment of La. R.S. 51:191. Id. Relying on this Court's 1972 decision in City of Shreveport v. Belk,[16] the court determined that "the regulatory authority of a political subdivision over alcohol within its jurisdiction operates in an independent realm under La. R.S. 26:493 regardless of what the legislature might choose regarding Sunday laws for statewide businesses in general and even those businesses selling alcohol." Id. The court found further evidence of this separate realm of alcohol regulation in the post-Belk enactment and subsequent repeal of former La. R.S. 51:195. The court noted this statute was added in 1976 to give local governments the authority to exempt businesses selling alcohol from statewide Sunday closing laws. The court concluded "when the legislature removed itself from the regulation of Sunday business enterprise in 1986 without drawing back the Police Jury's authority under La. R.S. 26:493 for Sunday closing laws for alcohol, the Police Jury's ordinance retained its independent force regardless of the changes to Title 51." Id. Also, in reaching this conclusion, the court found that "La. R.S. 26:493 was the specific statute addressing alcohol with its societal risks requiring `the protection of the public health, morals, safety, and peace' by a political subdivision, and the ordinary commerce of other businesses without such risks is the general subject matter of La. R.S. 51:191." Id. at n. 4. Thus, the court of appeal specifically rejected the rationale and holding of two rulings by the Third Circuit in City of Zwolle v. Polk, 93-1102 (La.App. 3 Cir. 9/14/94), 643 So.2d 201, writ denied, 94-2553 (La.1/13/95), 648 So.2d 1339 and Pappy's Investment Group of Lake Charles, Inc. v. City of Lake Charles, 96-411 (La.App. 3 Cir. 7/24/96), 677 So.2d 1145, writ denied, 96-2156 (La.9/13/96), 679 So.2d 112.

DISCUSSION
The issue we must resolve is whether the Police Jury, pursuant to the provisions of La. R.S. 26:493, can prohibit Sunday sales of alcoholic beverages without holding a local option election pursuant to La. R.S. 51:191. Our analysis is based on the proper interpretation of La. R.S. 26:493 and La. R.S. 51:191, their relationship to each other, and their effect on Section 3-18 of the Red River Parish Code. Because this matter involves the interpretation of a statute, it is a question of law, and is thus reviewed by this Court under a de novo standard of review. Thibodeaux v. Donnell, 2008-2436 (La.5/5/09), 9 So.3d 120, 122. After our review, we "render judgment on the record, without deference to the legal conclusions of the tribunals below. This court is the ultimate arbiter of the meaning of the laws of this state." Holly & Smith Architects, Inc. v. St. Helena Congregate Facility, Inc., 2006-0582 (La.11/29/06), 943 So.2d 1037, 1045.
Silver Dollar contends the court of appeal erroneously interpreted La. R.S. 51:191, failing to find it is a specific statute that prevails over La. R.S. 26:493, as a general statute, and that La. R.S. 51:191 "preempts" the ability of a local governing authority to regulate the Sunday sales of alcoholic beverages. Silver Dollar relies *647 on City of Zwolle and Pappy's Investment Group, supra, which reached conclusions contrary to the court of appeal. In those cases, the Third Circuit determined the Sunday closing law "deals more specifically with the matter at hand than does the general police power provisions of La. R.S. 26:493." City of Zwolle, 643 So.2d at 202; Pappy's Investment Group, 677 So.2d at 1147. Silver Dollar points to the Third Circuit's findings that La. R.S. 26:493 deals with "regulation of alcohol generally," but La. R.S. 51:191 "deals specifically with the narrow issue of Sunday sales." Id. Therefore, La. R.S. 51:191 should prevail, as it did in City of Zwolle and Pappy's Investment Group.
Silver Dollar further contends the enactment of La. R.S. 51:191 expressly repealed all Sunday closing laws by Section 3 of Acts 1986, No. 1, which provides: "This Act shall become effective on December 1, 1986 with regard to those provisions which repeal the state Sunday closing laws." (Emphasis added). Upon enactment of La. R.S. 51:191, the Red River Parish ordinance was repealed. In repealing these laws, the legislature intended to "occupy the field" with respect to the Sunday closing laws and intended a statewide regulatory scheme by adopting a local-option requirement. Silver Dollar asserts that if a local governing authority can prohibit Sunday sales without a local-option election, the intent of the legislature is defeated. Further, to the extent local ordinances conflict with state general laws on the same topic, the local ordinances are invalid and without effect.
By contrast, the Police Jury argues the court of appeal was correct that La. R.S. 51:191 did not "repeal" the parish ordinance, which remains in effect and is, like legislation, presumptively constitutional. It relies heavily on Belk, supra, which specifically held that La. R.S. 26:493 is a "separate grant of authority" that permits a parish to regulate Sunday sales of alcohol. Belk also held that disallowing sales of alcohol on Sunday is a reasonable regulation of alcohol sales, not a prohibition. Although the new La. R.S. 51:191 repealed the state Sunday closing laws, the Police Jury contends it did not invalidate parish ordinances such as Red River Ordinance 61. After the passage of La. R.S. 51:191 in 1986, Red River Parish retained the authority granted by La. R.S. 26:493, and its 1975 ordinance, restricting alcohol sales on Sunday, remains effective.
After reviewing the record, relevant statutes and jurisprudence, we are persuaded by the reasoning of the court of appeal and arguments set forth by the Police Jury, and thus reject the reasoning underlying the holdings of the Third Circuit in City of Zwolle and Pappy's Investment Group, supra.
In City of Zwolle, the defendants were charged with unlawfully selling alcoholic beverages on Sunday, in violation of the Zwolle Code of Ordinances. The Zwolle ordinance was passed by the local governing body but was not approved by the voters in an election. The court, in considering whether the local government could prohibit Sunday sales of alcohol pursuant to La. R.S. 26:493 without holding an election, found that to the extent that La. R.S. 26:493 can be read to authorize Sunday closing ordinances without an election, it conflicts with La. R.S. 51:191. City of Zwolle, 643 So.2d at 202. Finding that La. R.S. 51:191 was the more specific statute, and thus should prevail over La. R.S. 26:493, the more general statute, the court reasoned that the Sunday closing law dealt more specifically with the matter at hand than did the general police power provisions of La. R.S. 26:493. Id. at 202-03.
*648 In Pappy's Investment Group, the plaintiff filed a petition to enjoin the city from enforcing an ordinance regulating the sale of alcoholic beverages on Sunday on the basis it was in contravention of La. R.S. 51:191. The ordinance was passed and approved by the council, but was never presented to the general public for a vote. The court restated its position in City of Zwolle, which found that La. R.S. 51:191 supersedes La. R.S. 26:493. Pappy's Investment Group, 677 So.2d at 1147.
Initially, we note it is well-settled that when two statutes apply to the same situation, the specific statute prevails over the general one. Burge v. State, 2010-2229 (La.2/11/11), 54 So.3d 1110, 1113. La. R.S. 26:1, et seq., comprising the "Alcoholic Beverage Control Law," govern the sale of alcoholic beverages in the State. La. R.S. 51:1 et seq., in the "Trade and Commerce" section of the Revised Statutes, deal primarily with general trade regulation law. La. R.S. 51:191 deals generally with the sale of any merchandise on Sunday. La. R.S. 26:493 deals specifically with the regulation of the sale of alcoholic beverages. We disagree with the reasoning of the Third Circuit in City of Zwolle and Pappy's Investment Group, finding the Sunday Closing law to be more specific than the regulatory scheme established by the Legislature and directed specifically to local regulation of sale of alcoholic beverages. We do not view Section 3-18 as a Sunday closing ordinance, but rather a regulation of the sale of alcohol on Sunday. The prohibition of the sale of alcoholic beverages on Sunday does not close establishments that sell alcohol on Sundays, but merely proscribes certain limits to the sale of alcoholic beverages.
The sale of alcohol has traditionally been regulated separately and more strictly than the sale of other products due to issues of public health, morals, safety, and peace. The Louisiana legislature has, by statute, delegated the state's authority under the Twenty-First Amendment to regulate alcoholic beverages to municipalities via La. R.S. 26:493. This Court has long recognized that municipalities have the inherent police power to regulate alcohol. See City of Lafayette v. Elias, 232 La. 700, 95 So.2d 281, 283 (1957) [citing State v. Gardner, 198 La. 861, 5 So.2d 132 (La. 1941); City of DeRidder v. Mangano, 186 La. 129, 171 So. 826 (La.1936)]. Further, in Belk, supra, this Court considered whether there was conflict between the authority given to political subdivisions in Title 26 and the state Sunday laws in Title 51. In Belk, the defendant was charged with violation of a city ordinance which prohibited the sale of all alcoholic beverages on Sunday, including beer. Defendant argued that the ordinance was unconstitutional because it conflicted with the state Sunday Closing Law which only prohibited the sale of intoxicating liquor on Sunday, excluding beer. Belk, 258 So.2d at 80. In upholding the validity of the ordinance, this Court noted the specific grant of legislative authority under La. R.S. 26:494[17] conferring on political subdivisions the authority to regulate the sale of alcoholic beverages. Id. This Court, citing the earlier case of City of Lafayette v. Elias, supra, held that "R.S. 26:294 is a broad grant of authority to municipalities allowing them wide discretion in the control of the sale of alcoholic beverages. This grant of authority is in addition to any authority which the city may have to provide for a day of rest." Id. at 80. This Court went on to hold that the ordinance "reasonably regulates the sale of alcoholic beverages, and as such, is a valid exercise of authority. The fact that such *649 regulation may be to prohibit the sale of such beverages on Sunday does not invalidate an otherwise valid ordinance." This Court held that the ordinance was a reasonable regulation, rather than a prohibition of the sale of alcohol. Id.
The effect of the holdings of the Third Circuit in City of Zwolle and Pappy's Investment Group is essentially to remove the regulation of liquor sales from Title 26 when the regulation occurs on Sunday, which would lead to absurd consequences in this case. If we were to find Section 3-18 invalid as it applies to Sunday sales, sales of alcohol in Red River Parish would be illegal Monday through Saturday from midnight until 6 a.m., but legal all day on Sunday absent a local option election. This is contrary to the rationale of Belk. Our holding in Belk makes clear that a municipality may disallow Sunday sales of alcohol pursuant to its legislative grant of authority in La. R.S. 26:493. Notably, the Third Circuit failed to address Belk in either opinion.[18] We find the rationale underlying our opinion in Belk is equally applicable to the instant case.
Additionally, we agree with the court of appeal that the legislature's enactment of former La. R.S. 51:195, which authorized "the governing authority of each parish and municipality" to exempt from the statewide Sunday closing laws businesses dispensing alcoholic beverage at retail, was a further indication that "the regulatory authority of the political subdivision over alcohol within its jurisdiction operates in an independent realm under La. R.S. 26:493 regardless of what the legislature might choose regarding Sunday laws for statewide businesses in general and even those businesses selling alcohol." Silver Dollar Liquor, 56 So.3d at 271.
Further, we find nothing to suggest that the 1986 enactment of La. R.S. 51:191 served to repeal or overrule the specific grant of authority under La. R.S. 26:493. It is well settled that repeals by implication are not favored and will only be permitted where two acts are irreconcilably inconsistent or repugnant. International Paper Co., Inc. v. Hilton, 2007-0290 (La.10/16/07), 966 So.2d 545, 555. In International Paper, we explained:
Louisiana law and jurisprudence demonstrate that a newly passed legislative act that is repugnant to or in conflict with an earlier passed act will supersede and implicitly repeal the earlier act, even in the absence of a repealing clause. However, not all conflicts lead to tacit repeal; only those conflicts which are irreconcilable may lead to tacit repeal.
Id. (internal citations removed).
La. R.S. 51:191 was revised in 1986 when the Louisiana legislature repealed the old statewide blue laws. At the same time, the legislature turned over to municipalities and parishes the authority to adopt ordinances regulating trade on Sunday if such regulation was approved by the voters. However, the delegation of authority to local governments to regulate Sunday merchandise sales created no substantive change in the law which would undermine this Court's reasoning and holding in Belk, wherein this Court considered the relationship between La. R.S. 26:493 and La. R.S. 51:191. The intent of the legislature was clearly to remove any statewide prohibition against the general sale of merchandise on Sunday. The legislative history reflects there was no express concern or discussion specific to regulation of alcohol sales, nor was there discussion regarding *650 changing or revoking the authority of local governments to regulate alcohol pursuant to La. R.S. 26:493.[19] We do not find La. R.S. 51:191 purports to change, repeal, or to fit into its provisions any part of La. R.S. 26:493. We do not find La. R.S. 26:493 and La. R.S. 51:191 are in conflict such that they are irreconcilable. The statutes can be harmonized to the extent they are separate laws that essentially govern two separate matters. La. R.S. 26:493 gives political subdivisions authority to regulate the sale of alcohol without an election. To the extent that any conflict exists between this statute and La. R.S. 51:191 regarding the sale of alcohol on Sundays, La. R.S. 26:493, the more specific statute involving regulation of alcohol, must prevail.

CONCLUSION
For the above reasons, we find Section 3-18 of the Red River Parish Code to be valid. We find the Police Jury has the power under La. R.S. 26:493 to regulate the sale of alcohol, even if the sale occurs on Sundays. To the extent Section 3-18 is impacted by both La. R.S. 26:493 and La. R.S. 51:191, we find La. R.S. 26:493 to be the more specific statute, and thus controlling.

DECREE
AFFIRMED.
KIMBALL, Chief Justice, concurs with reasons.
KIMBALL, C.J., concurring with reasons.
I concur with the majority opinion because I find it unnecessary to decide whether La. R.S. § 26:493 or § 51:191 is the more specific statute. The statutes are independent grants of authorityone to "control the sale of alcoholic beverages," the other to "provide for a day of rest." City of Shreveport v. Belk, 260 La. 1041, 258 So.2d 79, 80 (1972).
I agree with the majority that the ordinance, which bans the sale of alcohol at certain times, including all-day on Sundays, regulates the sale of alcohol but does not prohibit it. See Belk, 258 So.2d at 80, 81. Therefore, the local government had power to enact the ordinance without a referendum election pursuant to La. R.S. § 26:493.[1]
NOTES
[1] Silver Dollar Liquor, Inc. v. Red River Parish Police Jury, 45,637 (La.App. 2 Cir. 11/17/10), 56 So.3d 265.
[2] Silver Dollar Liquor, Inc. v. Red River Parish Police Jury, 2010-2776 (La.2/18/11), 57 So.3d 322.
[3] U.S. Const. amend. XXI, § 2 provides: "The transportation or importation into any State, Territory, or possession of the United States for delivery or use therein of intoxicating liquors, in violation of the laws thereof, is hereby prohibited."
[4] A brief history of Louisiana's liquor laws since the repeal of Prohibition was previously set forth by this Court in Sabine Parish Police Jury v. Commissioner of Alcohol & Tobacco Control, 2004-1833 (La.4/12/05), 898 So.2d 1244, 1250-51.
[5] This section was amended several times, without changing this grant of power to political subdivisions. La. Acts 1934, No. 15 § 24; La. Acts 1934, 3rd Ex.Sess., No. 1, § 1; La. Acts 1935, Ex.Sess., No. 3, § 2; La. Acts 1940, No. 330, § 1; La. Acts 1942, No. 329, § 1; La. Acts 1944, No. 203, § 2; La. Acts 1946, No. 190, § 2; La. Acts 1946, No. 384, § 2.
[6] The statute as originally codified in 1950 was essentially identical. The only change in the 1987 reenactment was the removal of the word "however" prior to the sentence "No parish or municipality shall, in the exercise of its police power, regulate the business of selling such beverages more than is necessary for the protection of the public health, morals, safety, and peace."
[7] See, e.g., La. Acts 1934, No. 15 (parishes and municipalities were authorized to hold local option elections); La. Acts 1935, 1st Ex.Sess., No. 17, (parishes, wards and municipalities authorized to hold local option elections); La. Acts 1948, No. 372 (wards, incorporated villages, towns and cities authorized to hold local option elections); La. Acts 1950, Ex. Sess, No. 2 (ward, incorporated municipality authorized to hold local option elections; exercise of local option by parishes expressly prohibited); La. Acts 1974, No. 41 (parishes, wards and incorporated municipalities authorized to hold local option elections); La. Acts 1986, No. 958 and La. Acts 1987, No. 696 (wards and incorporated municipalities authorized to hold local option elections); La. Acts 1997, Nos. 330, 765 (wards, election districts, incorporated municipalities authorized to hold local option elections).
[8] Local option elections are currently provided for in La. R.S. 26:582, which provides:

A. (1) Upon petition of not less than twenty-five percent of the qualified electors residing in any ward, election district, or any incorporated municipality, the governing authority shall order a referendum election to be held to determine whether or not the business of selling alcoholic beverages shall be conducted and licensed therein.
(2) A copy of the petition shall be submitted to the registrar on the date the first signature is affixed on the petition for the purpose of determining the total number of qualified voters residing in each ward, election district, or each incorporated municipality in which such petition will be circulated.
B. In the case of such an election held on a ward, election district, or municipal basis the election shall be separately called and held, and the result separately binding for each incorporated municipality, and for the unincorporated balance of the ward or election district.
C. No such election shall be held for the same subdivision more often than once in every two years.
[9] When the electorate of a political entity votes to prohibit the sale of alcoholic beverages, that political entity is considered "dry;" similarly, when the electorate of a political entity votes to permit the sale of alcoholic beverages, the political entity is considered "wet." Sabine Parish Police Jury, 898 So.2d at 1245 n. 1.
[10] It was stipulated at trial that elections were held in Districts 1, 2, 3, 7 and 8. Pursuant to those election results, certain ordinances were promulgated with respect to those districts.
[11] Silver Dollar is contesting only that portion of the ordinance relative to Sunday sales.
[12] A "Sunday law" or "blue law" is defined as "[a] statute regulating or prohibiting commercial activity on Sundays." Black's Law Dictionary (9th ed.2009).
[13] Certain exceptions were set forth in other sections of the Act.
[14] La. R.S. 51:193 provides: No motor vehicle dealer licensed pursuant to Title 32 of the Louisiana Revised Statutes of 1950 who is engaged in the sale of new or used cars or trucks may be open on Sunday.
[15] Silver Dollar Liquor, 56 So.3d at 271.
[16] 260 La. 1041, 258 So.2d 79 (1972).
[17] Now, La. R.S. 26:493.
[18] Pappy's Investment Group cites Belk in a footnote simply for its statement that: "The line between prohibition and regulation is sometimes a fine one. Most regulation of activity involves the prohibition of certain types of activity." 677 So.2d at 1147 n. 3.
[19] A review of the legislative history reflects that re-enacted La. R.S. 51:191 began as Senate Bill 195, which was introduced as a commerce bill. The primary impetuses behind this bill were increasing jobs and retail activity; capturing additional tax revenues; promoting public convenience; and retaining business that would be lost to Texas stores, which were open on Sundays. See Minutes, Senate Committee on Commerce, 1986 Reg. Sess., April 30, 1986 at 3-5; Minutes, House Commerce Committee, 1986 Reg. Sess., May 14, 1986 at 3-9.
[1] La. R.S. § 26:493 permits the local government to regulate the sale of alcohol in its jurisdiction without a referendum election, but requires a referendum election to prohibit the sale of alcohol.