McDONALD, J.,
concurring in part, and dissenting in part.
hi respectfully concur in part, and dissent in part, with the majority’s opinion. First, I dissent for the reasons assigned by Judge McClendon on the issue of quantum. I agree that the JNOV should have been granted by the trial judge, but believe the quantum was too high.
I concur with the conclusion reached by the majority in affirming the remainder of the judgment. The majority cites two statutes that they contend are applicable to this situation. Louisiana Revised Statute 48:461.2 pertains to various types of advertising signs. It prohibits the erection or maintenance of any outdoor advertising within six hundred sixty feet of the nearest edge of the right of way, visible from the main traveled way of the interstate or primary state highways. It provides for seven exceptions but none pertain to political signs. Louisiana Revised Statute 48:347 pertains to political signs. It prohibits the erection, display or posting of political signs within any highway right of way. The sign at issue was a political sign, and I believe the latter statute is the only one that is applicable to this accident. The former applies to many types of signs. It is well-settled that when two statutes apply to the same situation, the specific statute, prevails over the general one. Silver Dollar Liquor, Inc. v. Red River Parish Police Jury, 10-2776 (La.9/7/11), 74 So.3d 641, 648. Since La. R.S. 48:347 is more specific, I believe it is the controlling law and La. R.S. 48:461.2, being more general, is not applicable.
|2This political sign was eight feet high and sixteen feet long. It was positioned so that two feet extended into the highway right of way. When the plaintiff, Ms. Falcon, stopped at the stop sign, her vision to her left was obstructed by the sign. However, since only two feet of the sign was in the state highway right of way, it is possible that the accident would have still happened exactly as it did even if the sign had been not been in the right of way and entirely on the property of the land owner. This would have absolved DOTD of any liability since the sign would not have been in the right of way and would have necessitated a different allocation of fault. But, the record is devoid of any evidence or testimony of what, if any, difference the location of the sign two feet back would have made. The burden was on DOTD to present any such evidence and it failed to do so.
For these reasons, I concur with the majority in affirming the judgment on lia *493 bility and allocation of fault and in granting the JNOV. However, I dissent as to the amount of the increase in the general damage award.