NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

22-611

STORMY COFER

VERSUS

RAPIDES PARISH SHERIFF'S OFFICE, ET AL.

**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 252,476
HONORABLE MONIQUE F. RAULS, DISTRICT JUDGE

**********

CHARLES G. FITZGERALD
JUDGE

**********

Court composed of Shannon J. Gremillion, Jonathan W. Perry, and Charles G. Fitzgerald, Judges.

AFFIRMED AS AMENDED.

**G. Karl Bernard**
**Karl Bernard Law, LLC**
**1615 Poydras Street, Suite 101**
**New Orleans, Louisiana 70112**
**(504) 412-9953**
**Counsel for Plaintiff/Appellant:**
    **Stormy Cofer**


**Stacy C. Auzenne**
**Auzenne Law Firm, LLC**
**Post Office Box 11817**
**Alexandria, Louisiana 71315-1817**
**(318) 880-0087**
**Counsel for Defendant/Appellee:**
    **Donald Brown**


**H. Bradford Calvit**
**Eli J. Meaux**
**Provosty, Sadler & deLaunay, APC**
**Post Office Box 13530**
**Alexandria, Louisiana 71315-3530**
**(318) 767-3118**
**Counsel for Defendants/Appellees:**
    **Former Sheriff William Earl Hilton,**
    **Sheriff of Rapides Parish, and**
    **John William Benjamin**

**FITZGERALD, Judge.**

The only issue before us is whether the trial court erred in dismissing the plaintiff's suit *with prejudice* under La.Code Civ.P. art. 561.

In 2013, Stormy Cofer was arrested and held at the Rapides Parish Detention Center. While in custody, Stormy alleges that certain deputies subjected her to unwanted physical and sexual contact. In 2015, Stormy filed suit against various defendants, including then-Sheriff William Earl Hilton, Deputy John William Benjamin, and Donald Brown.

Many years later, in 2022, the defendants filed a motion to dismiss Stormy's suit as abandoned. The trial court granted the motion and signed an Order dismissing Stormy's suit with prejudice on May 5, 2022. Stormy now appeals.

On appeal, Stormy asserts a single assignment of error: "The Trial Court erred when it granted, with prejudice, Defendants-Appellees' Motion to Dismiss Due to Three Year Abandonment." Thus, while Stormy concedes that dismissal was appropriate, she asserts that her suit should have been dismissed without prejudice.

## LAW AND DISCUSSION

Because the assigned error is limited to a question of law, we review the assignment de novo. *Silver Dollar Liquor, Inc. v. Red River Parish Police Jury*, 10-2776 (La. 9/7/11), 74 So.3d 641.

The applicable law is La.Code Civ.P. art. 561, which states in relevant part:

> A. (1) An action . . . is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years[.]
>
> . . . .
>
> (3) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been timely taken in the prosecution or

defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment.

Again, Stormy simply contends that the trial court erred when it dismissed her suit with prejudice. And based on our de novo review, we agree that the suit should have been dismissed without prejudice. *See, e.g., Argence, L.L.C. v. Box Opportunities, Inc.*, 11-1732, p. 4 (La.App. 4 Cir. 5/23/12), 95 So.3d 539, 541 ("A dismissal on grounds of abandonment may only be made *without* prejudice.").

### DECREE

For the above reasons, the trial court's order of dismissal is amended to read "without prejudice" and affirmed. The costs of this appeal, which total $938.50, are assessed to the defendants, William Earl Hilton, in his official capacity and individually; Deputy John William Benjamin; and Donald Brown.

**AFFIRMED AS AMENDED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.